**UNITED STATES of America,**
**Appellee,**

v.

**Jerome TREMONT, Defendant, Appellant.**
**No. 7759.**

United States Court of Appeals,
First Circuit.
March 5, 1971.

Evan Y. Semerjian, Boston, Mass., with whom Hale & Dorr, Boston, Mass., was on the brief, for appellant.

Frederic R. Kellogg, Asst. U. S. Atty., with whom Herbert F. Travers, Jr., U. S. Atty., was on the brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Defendant, having been convicted as a result of a jury verdict, and his conviction having been affirmed on appeal, 429 F.2d 1166, cert. denied 400 U.S. 831, 91 S.Ct. 63, 27 L.Ed.2d 63, moved for a new trial on the ground of newly discovered evidence. By affidavits defendant showed that after the trial he met with one of the government's witnesses, an individual who had pleaded guilty but had not been sentenced at the time he testified. At this supposedly chance encounter, which was actually arranged by the defendant, he charged the witness with having given false testimony against him. According to the affidavits, the witness replied saying, or at least strongly suggesting, that he had falsely inculpated the defendant because he thought it would help him in the matter of his own sentence. The district court denied the motion for new trial without a hearing, and the defendant appeals.

We deal first with the circumstance that although defendant's motion for stay of execution or bail pending appeal was denied, he has failed to surrender to the United States Marshal to begin serving his sentence. Following a motion by the government to dismiss the appeal on that ground, the court informed counsel that it might grant the motion if defendant failed to surrender within a reasonable time. Defendant has been absent for an additional six weeks since counsel was given that information. Counsel states that he is unaware of where the defendant is, and knows of no way of informing him of the court's instructions. We, of course, accept this statement. However, the inference seems almost inescapable that defendant is aware of the fact that his release on his personal recognizance has been terminated, and that he should surrender. If, alternatively, he is deceased, he has no further interest in the outcome of his case. The third possibility, that he is alive, but unable to return or communicate, seems, after this passage of time, too remote a possibility to receive substantial weight.

A defendant who is granted bail or released on his personal recognizance pending trial and then fails to appear does not suffer the penalty of being convicted by default. When, however, he has been tried and convicted, and his conviction has been affirmed on appeal, a motion for new trial is addressed to the discretion of the court. That in this posture he can abscond, to return only if it should develop that his conviction is vacated, does not sit well. Sufficient time having elapsed to negate any serious possibility that defendant is alive, but involuntarily incommunicado, the appeal is dismissed. Johnson v. Laird, 9 Cir., 1970, 432 F.2d 77; cf. Molinaro v. New Jersey, 1970, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586.