Garland Rex BRINLEE, Jr., Appellant,

v.

UNITED STATES of America, Appellee.

No. 73–1340.

United States Court of Appeals, Eighth Circuit.

Aug. 31, 1973.

---

5. 118 Cong.Rec. S 17048,49 (daily ed. October 5, 1972).

Albert A. Wolf, Bismarck, N. D., for appellant.

Nathan G. Graham, U. S. Atty., Tulsa, Okl., for appellee.

Before VAN OOSTERHOUT and MATTHES, Senior Circuit Judges, and WEBSTER, Circuit Judge.

PER CURIAM.

This case is before us on the Government's motion to dismiss defendant's timely appeal from his conviction by a jury on four counts of an indictment charging violation of 26 U.S.C. §§ 5861(d), (f), 5871, and 18 U.S.C. § 371, and the resulting sentences imposed aggregating twelve years. The motion is based upon the ground that the defendant Garland Rex Brinlee, Jr., escaped from the Oklahoma State Penitentiary where he was serving a state sentence on August 6, 1973, that he is at present a fugitive from justice. The sentences imposed in our present case are consecutive to the Oklahoma State sentence defendant is serving. Defendant through his court-appointed counsel has filed a response which does not contest defendant's status as a fugitive from justice.

In Molinaro v. New Jersey, 396 U.S. 365, 366, 90 S.Ct. 498, 498, 24 L.Ed.2d 586 (1970), the Court holds:

"No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims. In the absence of specific provision to the contrary in the statute under which Molinaro appeals, 28 U.S.C. § 1257(2), we conclude, in light of the *Smith* and *Bonahan* decisions, that the Court has the authority to dismiss the appeal on this ground. The dismissal need not await the end of the Term or the expiration of a fixed period of time, but should take place at this time."

To like effect *see* Eisler v. United States, 338 U.S. 189 and 883, 69 S.Ct. 1453, 92 L.Ed. 1897 (1949); Smith v. United States, 94 U.S. 97, 24 L.Ed. 32 (1876).

In Johnson v. Laird, 432 F.2d 77, 79 (9th Cir. 1970), the court quotes from *Smith, supra*, as follows:

"It is clearly within our discretion to refuse to hear a criminal case in error, unless the convicted party, suing out the writ, is where he can be made to respond to any judgment we render."

And then goes on to say:

"We recognize the difference between appeals to this court and discretionary writs of certiorari. We do not believe, however, that the Supreme Court's decision in *Smith, supra*, was based solely on the discretionary nature of writs of certiorari. Rather, we feel that the decision in *Smith* rests upon the inherent discretion of *any* court to refuse to hear the claim of a litigant who indicates that he will

comply with that court's decree only if it is favorable."

*See* United States v. Tremont, 438 F.2d 1202 (1st Cir. 1971); United States v. Dawson, 350 F.2d 396 (6th Cir. 1965); Stern v. United States, 249 F.2d 720 (2d Cir. 1957).

Upon the basis of the authorities hereinabove cited, it is ordered that this appeal be dismissed thirty days from the date of the filing of this order unless in the meantime defendant has submitted himself to the jurisdiction of the United States District Court or has been found and taken into custody by either state or federal officers.

In the event defendant is taken into custody, the United States Attorney shall immediately report such event to the court. If defendant is not taken into custody prior to the expiration of thirty days from the filing of this order, the United States Attorney shall promptly so advise the court. Upon receipt of a report that the defendant is still a fugitive, the Clerk is directed to dismiss this appeal.