**UNITED STATES of America, Appellee,**

v.

**Jacob J. GORDON, Defendant-Appellant.**

**No. 76–1105.**

United States Court of Appeals, First Circuit.

Submitted June 1, 1976.

Decided July 23, 1976.

Jacob J. Gordon, pro se.

James N. Gabriel, U. S. Atty., and Lawrence P. Cohen, Asst. U. S. Atty., Deputy Chief, Crim. Div., Boston, Mass., on brief, for appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

Appellant, after a jury trial, was convicted of attempted forcible rescue of seized property in violation of 26 U.S.C. § 7212(b) and of assault of a federal officer in violation of 18 U.S.C. § 111. He was sentenced to imprisonment for one year, three months of which was to be served, with two years' probation, and was fined $2000. Notice of appeal was filed in late January, 1976, briefs were filed by both appellant and the government; the case set for argument at our June, 1976, sitting.

When the case was reached for argument, on June 1, appellant, who was proceeding *pro se* in this court, failed to appear. Government counsel informed us orally, and subsequently by written motion, that on May 13, 1976, appellant failed to appear for trial in another case, *United States v. Jacob J. Gordon*, Criminal No.

75–276–M, that a warrant of arrest was then issued and has since been outstanding. The government moves for a dismissal of this appeal with prejudice.

We have on similar occasions relied on *Molinaro v. New Jersey*, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970), and other precedents to invoke the sanction of dismissal when an appellant, by his "conduct in seeking to invoke the processes of the law while flouting them", has disentitled himself to a determination of his appeal. *United States ex rel. Bailey v. U.S.C.O. of Provost Marshal, U.S. Army*, 496 F.2d 324, 326 (1 Cir.1974); *United States v. Tremont*, 438 F.2d 1202 (1 Cir. 1971). Other circuits have taken the same course, sometimes phrasing the issue in terms of an inherent power to refuse to hear a case when it is unlikely that a convicted party will respond to an unfavorable decision. *See, e. g., United States v. Shelton*, 482 F.2d 848 (5th Cir. 1973); *Brinlee v. United States*, 483 F.2d 925 (8th Cir. 1973); *United States v. Swigart*, 490 F.2d 914 (10th Cir. 1973). *Cf. Ruetz v. Lash*, 500 F.2d 1225 (7th Cir. 1974).

We are mindful that the sanction of dismissal should not lightly be invoked, and we are aware that such cases as *Shelton, Swigart,* and *Brinlee* have given some additional opportunity for the absent appellant to appear. But, in this case the absence of the appellant is only the most recent in a series of similar defaults. We see no basis for delaying our action.

Nevertheless, since we have had briefs, we have surveyed the fourteen issues listed by appellant. While we do not say that none of the issues constituted a substantial question, we are satisfied that no manifest injustice occurred in appellant's conviction.

*Appeal dismissed.*