Eddie Joe BUCKLEY, Appellant,

v.

A.L. LOCKHART, Director, Arkansas Department of Corrections, Appellee.

No. 88-2813.

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1989.

Decided Dec. 20, 1989.

---

**10.** *See* Goodpaster, 78 J.Crim.L. & Criminology at 125–27 (jury system protects individuals against over-reaching government).

James R. Pender, Little Rock, Ark., for appellant.

Theodore Holder, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before BEAM, Circuit Judge, HEANEY, Senior Circuit Judge and HANSON,* Senior District Judge.

BEAM, Circuit Judge.

Eddie Joe Buckley appeals from a decision of the district court dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2254 (1982). We affirm.

___

* The HONORABLE WILLIAM C. HANSON, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

## I. BACKGROUND

Buckley was arrested at the age of nineteen for burglary and theft of jewelry valued at $75,000 from a Best Merchandise store. On June 23, 1983, he was convicted on both counts by a jury. The jury assessed punishment of twenty years for each count, and the judge, immediately after the verdicts were returned and the jury dismissed, imposed the sentences to run consecutively. Trial Transcript, vol. 2 at 296. At the same time, the judge also advised Buckley of his right to appeal; Buckley's only question was about credit for jail time already served. Trial Transcript, vol. 2 at 296–97. The next day, June 24, 1983, Buckley escaped from custody and remained at large throughout his appeal period. He was apprehended and committed to the Arkansas Department of Corrections on October 30, 1984.

Buckley has since filed an array of motions for post-conviction relief. He first filed, on July 15, 1985, a pro se petition pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. The petition contained both a conclusory allegation of ineffective assistance of counsel at paragraph 19, Designated Clerk's Record at 100, and a more elaborate allegation of ineffective assistance in the argument and conclusion section. *Id.* at 101. While the precise grounds for the allegation were not clear,[1] the court found that Buckley alleged two claims for relief: ineffective assistance and double jeopardy. Designated Clerk's Record at 119. The court dismissed this

petition on April 15, 1986, finding no merit in the double jeopardy allegation and that "the mere conclusiory (sic) allegation of ineffective assistance of counsel is without merit and entitles petitioner to no relief." *Id.*

Buckley filed a second petition, styled a Writ of Error Coram Nobis, on July 1, 1986. In this petition he alleged ineffective assistance of counsel based on counsel's failure to object to a juror for cause, for failure to procure alibi witnesses, and for failure to perfect an appeal. *Id.* at 123–24. The petition also stated that counsel had refused to appeal "since the judge stated that petitioner could not appeal." *Id.* at 127. In addition, the petition alleged improper use of a coerced confession, prosecutorial misconduct for threatening witnesses, denial of a fair and impartial trial, of due process and of equal protection, and abuse of discretion. *Id.* at 125–27. The court dismissed this petition on November 10, 1986, finding that Arkansas Rule of Criminal Procedure 37.2[2] requires that all grounds for relief be raised in the original petition, and that "[d]efendant's second petition alleges essentially the same grounds and seeks the same relief as did his first petition." *Id.* at 137.

On February 6, 1986, Buckley filed the first of his federal habeas corpus petitions, alleging that counsel failed to perfect an appeal and improperly excused himself. *Id.* at 4. Upon the state's motion to dismiss, the district court ruled that Buckley

---

1. Buckley's petition stated, *verbatim et literatim:*
   Plaintiff was denied the effective assistance of counsel because appointed counsel shall contunue to represent a defendant until relieved by this Court, The Supreme Court, or Where a Trial is had, upon the failing of a written statement that the defendant, if convicted does not wish to appeal as here in after provided, At know time did Plaintiff release counsel or did Plaintiff understand any form of Law or sentence concerning what could happen if the Court found him in Double Jeopardy. Where as a more effective assistance of Legal counsel who had better under standing of the Law would have advised Plaintiff following a Trial conviction appointed counsel shall advise defendant of his Right to Appeal and of his right to counsel on Appeal if requested there after to do so. Counsel

shall file a proper Motion for New Trial, and if the Motion is over ruled perfect The Appeal. His representation shall contunue until he is relieved by this Court of The Supreme Court. Designated Clerk's Record at 101.

2. A.R.Cr.P. 37.2(b) reads as follows:
   All grounds for relief available to a petitioner under this rule must be raised in his original petition unless the petition was denied without prejudice. Any ground not so raised or any ground finally adjudicated or intelligently and understandingly waived in the proceedings which resulted in the conviction or sentence, or in any other proceedings that the prisoner may have taken to secure relief from his conviction or sentence, may not be the basis for a subsequent petition.
   A.R.Cr.P. 37.2(b) (1989).

had exhausted his state remedies. The court refused to dismiss and granted leave to amend. *Id.* at 51–52.

Buckley filed an amended petition on January 12, 1987, alleging the following grounds: denial of effective assistance of counsel, use of a coerced confession, prosecutorial misconduct, denial of a fair and impartial trial, denial of due process and equal protection, abuse of discretion and denial of the right to appeal. *Id.* at 56. Buckley was appointed counsel on October 30, 1987, and filed a second amended petition on September 19, 1988, alleging ineffective assistance of counsel for failure to object to a juror for cause and for failure to move for a continuance to obtain alibi witnesses, use of an involuntary confession, and prosecutorial misconduct. *Id.* at 150–52. A United States Magistrate dismissed this petition on October 28, 1988, since "none of the grounds presently being put forth by petitioner have been fairly presented to the state courts," *Id.* at 190, and since petitioner could not show adequate cause for failing to present these grounds to the state courts. *Id.* at 191. This appeal followed.

## II. DISCUSSION

In considering the dismissal of Buckley's petition on procedural grounds, it is important to note both the deference federal courts give to state courts in reviewing motions for collateral relief and the importance of state procedural rules. In *Engle v. Isaac,* 456 U.S. 107, 127–28, 102 S.Ct. 1558, 1571–72, 71 L.Ed.2d 783 (1982), the Supreme Court discussed the costs of collateral review, emphasizing that the writ of habeas corpus undermines the finality of litigation, detracts from the prominence of the trial and its safeguards for the accused and frustrates society's interest in punishment. The writ also imposes special costs on the federal system, since the states not only possess primary authority for enforcing the criminal law, but also "hold the

initial responsibility for vindicating constitutional rights." *Id.* at 128, 102 S.Ct. at 1572. Moreover, the Supreme Court has stressed the importance of state procedural rules and their relationship to these state interests, noting that "procedural rules serve vital purposes at trial, on appeal, and on state collateral attack." *Murray v. Carrier,* 477 U.S. 478, 490, 106 S.Ct. 2639, 2646, 91 L.Ed.2d 397 (1986).

■ These considerations underlie the framework used by the Eighth Circuit in its review of habeas corpus claims. A federal court can consider the merits of a habeas corpus petition only when the prisoner has " 'fairly presented' to the state courts the 'substance' of his [or her] federal habeas corpus claim." *Martin v. Solem,* 801 F.2d 324, 330 (8th Cir.1986) (quoting *Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982) and citing *Picard v. Connor,* 404 U.S. 270, 276–78, 92 S.Ct. 509, 512–14, 30 L.Ed.2d 438 (1971)). If the federal claim has not been presented to the state courts, it is procedurally barred in federal court and must be dismissed, unless the prisoner can show both adequate cause to excuse his failure to raise the claim in state court and actual prejudice resulting from failure to address the merits in federal court. *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977). Given a procedural default and no showing of cause and prejudice, the habeas corpus petition must be dismissed.[3]

### A. Procedural Default

■ Buckley's first petition filed in state court alleged ineffective assistance and double jeopardy. Because of Arkansas Rule of Criminal Procedure 37.2(b), the federal court can consider only those claims found in this first petition. The state circuit court dismissed the allegation of ineffective assistance as a "mere conclusiory (sic) allegation," entitling petitioner to no

---

**3.** We note that the federal court can consider the merits of a habeas corpus petition, upon procedural default, absent a showing of cause and prejudice, where "a constitutional violation has probably resulted in the conviction of one

who is actually innocent...." *Murray,* 477 U.S. at 496, 106 S.Ct. at 2649. This is not, however, a normal inquiry, for the cause and prejudice test of *Wainwright* can be dispensed with only in an "extraordinary case." *Id.*

relief. Designated Clerk's Record at 119. By contrast, Buckley's second amended habeas petition filed by appointed counsel, contained two allegations of ineffective assistance—failure to object to a juror for cause and failure to move for a continuance—and other allegations concerning use of an involuntary confession and prosecutorial misconduct. The claims concerning the involuntary confession and prosecutorial misconduct were clearly not raised in the first state petition. Thus, we turn to Buckley's ineffective assistance claim.

Buckley's initial ineffective assistance claim, *supra* note 1, does not resemble the more specific claims of ineffective assistance alleged in his second amended habeas petition. The United States Supreme Court has held in *Picard v. Connor*, 404 U.S. 270, 278, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1972) that, to be fairly presented, "the substance of a federal habeas corpus claim must first be presented to the state courts." In *Picard*, for example, "[t]he claim that an indictment is invalid is not the substantial equivalent of a claim that it results in an unconstitutional discrimination." *Id.* at 278, 92 S.Ct. at 513. Beyond the conclusory language of "ineffective assistance," the same facts and legal theories are not at issue in Buckley's various petitions. For instance, Buckley's second amended habeas petition alleges ineffective assistance based on failure to dismiss a juror for cause and failure to request a continuance to obtain alibi witnesses. These grounds were not presented to the state court, no matter how one construes Buckley's initial Rule 37 petition, *supra* note 1. Ineffective assistance based upon failure to mount an appeal is not mentioned. We thus cannot say that Buckley fairly presented the substance of his ineffective assistance claim to the state court.

In *Gilmore v. Armontrout*, 861 F.2d 1061 (8th Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 3176, 104 L.Ed.2d 1037 (1989), we found that an initial ineffective assistance claim was not adequately presented for procedural purposes in state court. In the state court petition, Gilmore advanced the claim that trial counsel failed to pursue the testimony of potential alibi witnesses. But in the federal habeas petition, the ineffective assistance claim involved the prosecutor's closing argument. *Id.* at 1065 n. 8. "We do not think the nature of this claim is sufficiently similar to the alleged basis of ineffective assistance currently at issue to permit a conclusion that the latter claim was adequately presented in the state post-conviction appellate proceeding." *Id.* Buckley's federal ineffective assistance claim is no more similar to his state ineffective assistance claim than was Gilmore's.

Moreover, our finding that Buckley's federal ineffective assistance claim was not fairly presented to the state court is consistent with the interpretation of Arkansas Rule of Criminal Procedure 37.2 by the Arkansas Supreme Court. In *Long v. State*, 294 Ark. 362, 742 S.W.2d 942 (1988), the court found the allegations of a Rule 37 petition to be patently conclusory, and the petition to have been properly denied without an evidentiary hearing. The court noted that if general, nonfactual assertions were sufficient under Rule 37, every prisoner would be entitled to an evidentiary hearing on any claim. "[I]f a movant under Rule 37 cannot allege grounds which show a factual basis for some entitlement to relief, he or she should not expect favorable action on the motion." *Id.* 742 S.W.2d at 943.

We find no error in the district court's finding that the substance of Buckley's federal ineffective assistance claim was not presented to the state court. Nor were the claims concerning the involuntary confession and prosecutorial misconduct presented to the state court. We must then consider whether Buckley can show cause and prejudice for this procedural default.[4]

B. Cause For Default

1. Pro se status

■ Buckley argues that his pro se status should excuse his failure to present his

---

**4.** Because of Arkansas Rule of Criminal Procedure 37.2(b), which requires that all grounds for post-conviction relief be filed in the first Rule 37 petition, Buckley cannot be sent back to state court to allege his federal ineffective assistance claims there. As the district court found, "petitioner has exhausted available state remedies." Designated Clerk's Record at 51.

federal claims to the state court. We disagree. In *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir.1988), we found that pro se status is not cause for failure to present federal claims to a state court. And in *Vasquez v. Lockhart*, 867 F.2d 1056 (8th Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 2453, 104 L.Ed.2d 1007 (1989), we found that pro se status and unfamiliarity with the American language and court system did not constitute cause for the failure of Vasquez, a Mexican national, to present his federal claims to the state court. *Id.* at 1058. Thus, Buckley's pro se status cannot excuse his failure to present his federal habeas claims to the state court.

### 2. Ineffective Assistance of Counsel

■ While we do not consider the merits of Buckley's ineffective assistance claim, since it is procedurally barred, ineffective assistance may be cause for a procedural default. *Murray*, 477 U.S. at 488, 106 S.Ct. at 2645. We thus consider Buckley's argument that he was denied effective assistance of counsel by reason of his counsel's failure to perfect an appeal (the only ground for ineffective assistance Buckley has alleged that could constitute cause) to determine whether it can constitute cause for the procedural default.

■ Because of Buckley's own actions in escaping from prison immediately after sentencing, Buckley's ineffective assistance claim cannot provide cause for his procedural default. The United States Supreme Court has held that a prisoner who escapes during an appeal period loses the right to an appeal. "No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction." *Molinaro*

*v. New Jersey*, 396 U.S. 365, 366, 90 S.Ct. 498, 499, 24 L.Ed.2d 586 (1970). In *Wayne v. Wyrick*, 646 F.2d 1268 (8th Cir.1981), we held, relying on *Molinaro*, that a prisoner who was in an escape status during his appeal period could not maintain an ineffective assistance of counsel claim based on the failure of counsel to perfect an appeal. "The general rule is that a criminal defendant who by his escape removes himself from the court's power and process and remains at large during the pendency of his appeal forfeits his right to appeal." *Wayne*, 646 F.2d at 1270. *See also Brinlee v. United States*, 483 F.2d 925 (8th Cir.1973).

Thus, any ineffective assistance due to counsel's failure to perfect an appeal during Buckley's escape status cannot be cause for the procedural default. And, even if it could be, Buckley would still be unable to meet the prejudice test of *Wainwright*, for no prejudice results to Buckley from the failure to consider the merits of the claim. Because Buckley lost his right to institute an appeal or to maintain an appeal already started while in an escape status, he forfeited any ineffective assistance claim he may have had for failure to file the appeal. Alternatively, as indicated, Buckley's claim would fail on the merits for the same reason. Under the test for ineffective assistance in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), counsel's conduct must fall below an objective standard of reasonableness to constitute ineffective assistance. But it clearly cannot be ineffective assistance of counsel to fail to do that which the prisoner has no right to do. We repeat, when Buckley escaped, he lost his right to appeal and any ineffective assistance claim he may have had based on his right to appeal.[5] *See Wayne*, 646 F.2d

---

**5.** It does not matter whether Buckley escaped before or after an appeal was filed. While the prisoners in *Wayne* and *Molinaro* escaped after an appeal had been filed, it makes no difference that Buckley had not yet filed an appeal. Had Buckley's counsel filed an appeal before Buckley had escaped, the appeal would have been dismissed because of the escape. *Wayne*, 646 F.2d at 1270. Nor does the motivation for the escape matter. Buckley argues essentially that

he escaped *because* his counsel told him he would not file an appeal. Even if this story (unbelievable as it is given the time sequence of the escape and the trial transcript showing that the judge did in fact advise Buckley of his right to appeal) were true, Buckley's motivation is irrelevant. All escapes are motivated by some dissatisfaction with the legal system, presumably an arrest or conviction, and the courts should neither distinguish among motivations

at 1271. Buckley's ineffective assistance, thus, cannot excuse his procedural default.[6]

## III. CONCLUSION

For these reasons, we affirm the district court's dismissal of Buckley's second amended petition for writ of habeas corpus.

HEANEY, Senior Circuit Judge, dissenting.

I respectfully dissent. Buckley was arrested at age nineteen for the midnight burglary of a Best Merchandise store and the theft of jewelry. Buckley testified at trial that he did not enter the store and take the jewelry, that he had merely acted as a fence to sell the stolen jewelry, that he was at a nightclub with friends on the night of the burglary and theft, and that he had been physically forced to give a taped confession while in police custody. Buckley, who had no previous criminal record, was convicted on both charges and sentenced by the jury to *twenty years imprisonment for each crime. The trial judge ordered the sentences to run consecutively.*

According to Buckley, he and his attorney discussed the possibility of appealing

his conviction after the trial, and his attorney stated that he refused to file either a motion for a new trial or a notice of appeal because the trial judge advised against it.[1] On June 24, 1983, Buckley escaped from prison and remained at large during his appeal period. In Buckley's absence, his attorney took no action with respect to this case. On October 30, 1984, Buckley was committed to the Arkansas Department of Corrections.

## DISCUSSION

On appeal, Buckley alleges that he has a right to an evidentiary hearing on the factual disputes in this record. The district court held that it was procedurally barred from considering Buckley's habeas petition because he failed fairly to present in state court any of the issues raised in his habeas petition. The majority agrees. Because of the reasons stated below, I must dissent from this finding.

## I. PROCEDURAL DEFAULT

Buckley raises essentially three claims: (1) ineffective assistance of counsel for refusing to appeal the conviction after Buckley expressed a wish to do so,[2] for failing

---

nor condone any of them. By escaping, for whatever reason, Buckley simply has lost his right to file or maintain an appeal and must abide the consequences.

**6.** We note that this is not a case which invokes an inquiry into the merits of Buckley's actual innocence under *Murray. See supra* note 3. We find in this case no constitutional violation which "has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496, 106 S.Ct. at 2649. The Supreme Court has noted that a writ of habeas corpus should be granted absent a showing of cause, which we cannot find in this case, only "in an extraordinary case." *Id.* This is not such a case.

**1.** The trial court did advise Buckley of his right to appeal. He stated:

Mr. Buckley, you are advised that you have a right of appeal from these judgments of conviction to the Arkansas Supreme Court. Should you elect after conferring with counsel to exercise your option of appeal, you must give written statutory notice within thirty days of this date. You then have ninety days in which to obtain and lodge the tran-

script and record with the Arkansas Supreme Court. You, having counsel of your own choice, the expense of that transcript will be borne by you.

Trial Transcript, Vol. 2, at 296.

Buckley alleges, however, that his attorney refused to appeal his convictions. Because no court has determined the veracity of this allegation, we must accept, for the purpose of this appeal, the facts as Buckley has stated them.

Although the trial court advised Buckley of his right to appeal his conviction to the Arkansas Supreme Court, the court failed to inform Buckley that counsel for the appeal would be provided for him if he was unable to retain counsel himself. If Buckley's allegation that his trial counsel refused to appeal his convictions is true, Buckley may reasonably have concluded that an appeal was impossible.

**2.** The State of Arkansas argues that Buckley abandoned the failure-of-counsel-to-appeal claim by omitting it from the second amended habeas petition in federal court. We disagree. First, Buckley's counsel clearly alleged in this pleading that "Petitioner's counsel, Ralph Wilson of Osceola, failed to perfect an appeal of the trial court verdict and withdrew from Buckley's

to dismiss a juror for cause, and for failing to seek a continuance of his trial to locate alibi witnesses; (2) prosecutorial misconduct; and (3) the use of a coerced confession at trial.

### Ineffective Assistance of Counsel

The majority finds that Buckley failed to raise the claim of ineffective assistance of counsel in state court. The majority, however, places an unnecessarily narrow construction on Buckley's Rule 37 petition. Buckley clearly included a version of this claim in his first petition. Buckley alleged the following:

> Plaintiff was denied effective assistance of counsel because appointed counsel shall continue to represent a defendant until relieved by this Court, The Supreme Court, or Where a Trial is had, upon the failing [sic] of a written statement that the defendant, if convicted, does not wish to appeal as herein after [sic] provided. At know [sic] time did Plaintiff release counsel or did Plaintiff understand any form of Law or sentence concerning what would happen if the Court found him in Double Jeopardy. Where as [sic] a more effective assistance of Legal counsel who had better under standing [sic] of the Law would have advised Plaintiff following a Trail [sic] conviction appointed counsel shall advise defendant of his Right to Appeal and of his right to counsel on Appeal if requested there after [sic] to do so. Counsel shall file a proper Motion for New Trial, and if the Motion is over ruled [sic] perfect The Appeal. His representation shall continue until he is relieved by this Court [or] the Supreme Court. At know [sic] time was Plaintiff notified that his counsel has been relieved even though Plaintiff has requested to progress on his case....

Designated Clerk's Record at 101.

While Buckley's word choice and sentence structure are less than erudite, it is not difficult to understand Buckley's claim. First, he alleged that his attorney recused himself without court permission. Second, he alleged that his attorney failed to advise him that his conviction might violate the double jeopardy clause of the United States Constitution. Third, he alleged that his attorney failed to advise him of his right to appeal and his right to counsel on appeal. Finally, and of significance to this appeal, he alleged that his attorney failed to move for a new trial and failed to perfect his direct appeal even though Buckley asked him to do so. These claims subsequently have appeared in Buckley's motion for a writ of error coram nobis and in all three versions of his federal habeas petition.

The majority believes that although Buckley may have alleged ineffectiveness of counsel in state court, he did not specify the factual basis of this claim and thus failed to raise the issue in accordance with state procedural rules. Indeed, the state court found that Buckley's allegations were conclusory; and without holding an evidentiary hearing, it denied the claim. Buckley's allegations are not conclusory, particularly his allegation that his attorney failed to move for a new trial or to perfect his direct appeal after Buckley asked him to do so. For the purpose of this habeas review, Buckley adequately stated this ineffective-assistance-of-counsel claim in state court.

The majority finds that even if Buckley's attorney refused to file a notice of appeal as directed by Buckley, the issue cannot be challenged here because Buckley waived his right to a direct appeal by escaping. In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that his attorney's conduct fell below an objective standard of reasonableness and that the defendant was prejudiced by that act. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Clear precedent shows

case despite Buckley's wishes to appeal." Designated Clerk's Record at 147. Second, even had Buckley left this allegation out of his second amended complaint, he did not necessarily abandon this claim. *See Gulliver v. Dalsheim*, 687 F.2d 655, 658 (2d Cir.1982) (without written or oral statement indicating that a habeas petitioner amended his complaint to delete certain claims, court refused to find that abandonment had occurred).

that a defendant has been denied effective assistance of counsel when the malfeasance or nonfeasance of his counsel effectively deprived the defendant of the right to appeal. *Williams v. Lockhart*, 849 F.2d 1134, 1137 n. 3 (8th Cir.1988). The issue here is whether Buckley's own actions have taken away from him any right to complain.

The majority argues that under *Molinaro v. New Jersey*, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970), Buckley lost his right to a direct appeal when he escaped. In *Molinaro*, a man convicted of performing an abortion failed to surrender himself to authorities. When his appeal reached the United States Supreme Court, the Court refused to hear the case because Molinaro remained a fugitive. It stated:

> No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed on him pursuant to the conviction.  * * * [Such an escape] disentitles the defendant to call upon the resources of the Court for determination of his claim.

*Id.* at 366, 90 S.Ct. at 499.

Furthermore, this Court has held that it will not find ineffective assistance of counsel in a state habeas corpus case where counsel failed to perfect an appeal after his client escaped. *Wayne v. Wyrick*, 646 F.2d 1268, 1270 (8th Cir.1981). Based on the disentitlement doctrine of *Molinaro* and state case law, this Court found that the defendant, who escaped after filing a notice of appeal in state court, had not been prejudiced by his counsel's failure to perfect his direct appeal.

Two very important distinctions, however, exist here, despite the majority's view that Buckley's motivation for escape is irrelevant. First, Buckley's appeal was not pending when he escaped; had Buckley's attorney filed a notice of appeal before Buckley escaped, his failure to perfect the appeal would not have been unreasonable. Under the disentitlement theory, Buckley himself would have caused the waiver of his right to a direct appeal. Moreover, had

Buckley escaped *before* he informed his attorney of his desire to appeal his conviction, he would have no grounds for a claim of ineffective assistance of counsel. In this case, however, Buckley escaped only after he asked his attorney to file a notice of appeal and his attorney refused to do so.

Second, Buckley's decision to escape may have been influenced by the belief that an appeal would have been futile. According to Buckley, his attorney told him that he could not appeal. In neither *Molinaro* nor *Wayne* did the defendant allege that he escaped only after receiving incorrect legal advice from his attorney.

Additionally, it appears that the decision to dismiss an appeal for reasons of escape remains a discretionary one with each court. *See Brinlee v. United States*, 483 F.2d 925, 927 (8th Cir.1973) (court gave defendant thirty days to turn himself in before it dismissed appeal); *United States v. Baccollo*, 725 F.2d 170, 172 (2d Cir.1983) (court declined to dismiss appeal because it preferred to address issues on the merits). In light of the facts of this case, a penalty less drastic than dismissal should be applied.

Although the majority disputes Buckley's version of the facts, especially because the trial judge informed Buckley of his right to appeal, no court has addressed these factual allegations. Under *Williams v. Lockhart*, 849 F.2d 1134, 1137 n. 3 (8th Cir.1988), a district court must hold an evidentiary hearing when a dispute exists as to the relevant facts and the factual questions cannot be resolved on the basis of the record. *Id.* at 1137. Thus, this claim should be remanded to the district court for an evidentiary hearing.

Buckley also asserts that his attorney was ineffective because he failed to challenge a juror for cause and failed to seek a continuance after Buckley's alibi witnesses did not appear to testify. These claims clearly were not raised in Buckley's Rule 37 petition. The state trial court refused to reach these claims when Buckley raised them in his motion for a writ of error coram nobis because they had not been raised in Buckley's first post-conviction pe-

tition. As the state court was procedurally barred from addressing these issues on the merits, so also is the federal court.

## II. PROBABILITY OF ACTUAL IN-NOCENCE

Our inquiry, however, should not end here. In *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), the Supreme Court stated that in appropriate cases, the principles of comity and finality that form the basis for the cause-and-prejudice standard must "yield to the imperative of correcting a fundamentally unjust incarceration." *Id.* at 495, 106 S.Ct. at 2649. "Where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id.; see also Harper v. Nix*, 867 F.2d 455, 457 (8th Cir.1989) (quoting *Carrier*).

In *Smith v. Murray*, 477 U.S. 527, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986), decided the same day as *Murray v. Carrier*, the Supreme Court refused to consider whether the testimony of a psychiatrist during the sentencing phase of a capital murder case violated a defendant's right against self-incrimination because the issue had not been raised in the state court system. The Court went beyond the *Wainwright* test and applied the probability-of-actual-innocence standard articulated in *Murray v. Carrier*. *Smith*, 477 U.S. at 538, 106 S.Ct. at 2668. The Court found that the refusal to consider the defaulted claim on federal habeas did not carry with it "the risk of a manifest miscarriage of justice" because the admitted testimony was not false or misleading, it did not foreclose any of the defendant's defenses at trial, and it did not pervert the jury's deliberations concerning the ultimate issue in the case. *Id.*

In the present case, Buckley continues to protest his innocence. The record indicates that the only direct evidence put forth at trial to support his conviction was his confession. No doubt exists that the confession had a significant effect on the jury's deliberations as to Buckley's guilt or inno-cence. If Buckley confessed as a result of physical or verbal threats and the confession is untrue, ignoring Buckley's claim for procedural reasons would result in an innocent man spending forty years of his life in an Arkansas prison.

Furthermore, Buckley took the stand at trial and alleged that he spent the evening of the burglary with his girlfriend and others at a local nightclub. In its closing argument, the prosecution made much of these friends' failure to appear and testify for Buckley. Yet, according to Buckley, the witnesses did not appear at trial because they had been threatened with arrest by local police. Buckley has provided this court with sworn statements from the witnesses corroborating his allegation of misconduct. *See* Affidavits, Designated Clerk's Record at 154, 157, 158, 159. The absence of potential alibi witnesses not only eliminated one of Buckley's defenses at trial, but it gave the prosecution the opportunity to cast doubt on the veracity of his entire testimony.

In *Murray v. Carrier*, the Supreme Court noted that effective assistance of counsel at trial provides "an additional safeguard against miscarriage of justice in criminal trials." 477 U.S. at 496, 106 S.Ct. at 2649. Yet, we have a factual dispute as to whether Buckley received this anticipated protection. Thus, even though Buckley did not prove cause for failing to raise certain issues in state court, the facts of this case fit into the narrow exception contemplated by the Supreme Court in *Smith v. Murray*. The district court thus should have addressed Buckley's habeas claims on the merits.

Buckley has sought post-conviction relief in both state and federal court. This case exemplifies the labyrinth that prisoners must negotiate when state courts do not address their petitions on their merits and bar certain claims because of procedural default. Few prisoners are equipped to navigate this procedural maze. Although current law forces us to recognize procedural default, it also causes us to deny relief to petitioners who may deserve it. State courts' refusal to reach the merits of

defaulted claims causes time-consuming and court-clogging appeals. The courts and the petitioners all would benefit if state courts would reach the merits of these claims. Much time could have been saved had this case been disposed of on the merits at an earlier stage.

## CONCLUSION

I would reverse the decision of the district court and remand this case for an evidentiary hearing on Buckley's claim of ineffective assistance of counsel. Buckley may have been denied a direct appeal because of such ineffective assistance. Even if he was not, he retains the right to an evidentiary hearing on his claims of misconduct by the prosecution and the police because these issues bear directly on his guilt or innocence.