**Bobby Gene TIPPITT, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.**

No. 89–1876.

United States Court of Appeals, Eighth Circuit.

Submitted March 13, 1990.

Decided May 11, 1990.

Rehearing Denied July 12, 1990.

Ray F. Cox, Jr., Little Rock, Ark., for appellant.

J. Denhammcclendon, Little Rock, Ark., for appellee.

Before FAGG and WOLLMAN, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Bobby Gene Tippitt appeals the denial of his writ of habeas corpus by the district court[1] due to procedural errors. Because we conclude that his habeas claims for ineffective assistance of counsel were not first raised in his state petitions for relief and that he has not shown cause why they should now be heard, we affirm.

## I. BACKGROUND

Tippitt was charged with capital felony murder in Arkansas in 1983. He pleaded guilty to first degree murder, a crime which can carry a life sentence, and following his plea received a life sentence. He then pursued post-conviction relief in state court, first filing successive Rule 37[2] petitions and then seeking a writ of error coram nobis. Any relief was denied by the trial court. Tippitt failed to appeal the denial to the Arkansas Supreme Court and was later denied a motion to file for writ of certiorari to that court.

Tippitt next filed this habeas action arguing ineffective assistance of counsel by the following[3]:

3. Counsel misinformed petitioner on points of law which were used as inducements to secure a negotiated plea;

6. Counsel allowed and assisted the State in convincing petitioner to enter into plea negotiations when the evidence indicated a jury trial would most likely result in petitioner's exoneration.

Memorandum and Order at 2–3, Designated Clerk's Record at 159–60.

The district court dismissed Tippitt's petition on these claims, finding them to be procedurally barred because they were not presented in his state petitions for relief. Memorandum and Order at 10–11, Designated Clerk's Record at 167–68. The claims in the first state petition alleged:

[1)] Conviction obtained by plea of guilty which was unlawfully induced, or not made voluntarily, without complete understanding of the nature of the charge and consequence of [the] plea [;] 2) Denial of effective assistance of legal counsel for jury trial[.]

Rule 37 Petition filed Dec. 20, 1983, Designated Clerk's Record at 68.

The claims alleged in the second state petition were characterized by the district court as:

(1) trial counsel was ineffective in that the attorney failed to require that the state keep its bargain to impose a sentence of life imprisonment with parole after serving seven years in exchange for the guilty plea; and (2) the trial court erred by allowing the state to renege on the plea bargin [sic] described in ground one.

Memorandum and Order at 1 n. 2, Designated Clerk's Record at 158.

## II. DISCUSSION

The issues on this appeal are whether Tippitt's habeas claims have been first raised in state court and, if not, whether they may nevertheless be considered. We must determine 1) whether Tippitt's habeas claims were presented to the state courts, 2) if not, whether his state relief is nonetheless exhausted because there are no remaining non-futile remedies for him, 3) if exhausted, whether he has shown cause for his failure to raise them in state court, and 4) if cause is shown, whether there was actual prejudice to Tippitt's defense due to the state court's failure to hear his claims. *Smittie v. Lockhart* 843 F.2d 295, 296 (8th Cir.1988).

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

2. Ark.R.Crim.P. 37.2.

3. Tippitt had six claims, but he only advances numbers three and six in this appeal.

■ We conclude Tippitt's habeas claims for ineffective assistance were not presented in his state petitions. While his state petitions do generally allege ineffective assistance, they simply do not present the same specific claims of ineffective assistance made out in the habeas petition. The legal theory of ineffective assistance is broadly the same, but the factual allegations are not. On this record, we cannot say the same facts and legal theories are present in both the state and federal claims for relief. *See Buckley v. Lockhart*, 892 F.2d 715, 718–19 (8th Cir.1989), *petition for cert. filed*, No. 89–7047 (U.S. Mar. 20, 1990).

While the dissent construes Tippitt's state claim and third habeas claim to be functionally the same, we cannot agree. The habeas petition makes a specific claim of an induced or involuntary plea due to misrepresentations by Tippitt's trial counsel where the first state petition only makes broad allegations of inducement or an involuntary plea without supporting facts. Designated Clerk's Record at 68. We concede that the same general legal theory is made out, but the same facts were not pleaded first in the state petitions which make no mention of misinformation on the part of trial counsel. Designated Clerk's Record at 68, 158.

■ In any event, the record belies Tippitt's assertion that he was induced into or made an involuntary plea.

THE COURT:

Do you wish to enter a plea to first degree murder, [of] guilty or not guilty?

DEFENDANT TIPPITT: [4]

Guilty, your Honor.

THE COURT:

All right. And that guilty plea is a negotiated plea?

DEFENDANT TIPPITT:

Yes, your Honor.

THE COURT:

Do you understand the consequence of your plea, that is you could be sentenced to a term in the Arkansas Department of Corrections upon you [sic] plea of guilty, for up to the rest of your natural life.

MR. WALDEN:

Yes, sir.

THE COURT:

Do you understand the range of punishment?

DEFENDANT TIPPITT:

Yes, sir.

THE COURT:

Do you understand you have a right to plead not guilty and have a trial by jury?

DEFENDANT TIPPITT:

Yes, sir.

.     .     .     .     .

THE COURT:

Has anybody made any threats or promises to you in order to get you to plead guilty, other than the negotiated recommendation in the plea negotiation form that I have before me, here?

DEFENDANT TIPPITT:

No, sir.

THE COURT:

All right, have you read this or had it explained to you in detail?

DEFENDANT TIPPITT:

Yes, sir.

THE COURT:

Is that your signature on the top line, Bobby Tippitt, defendant?

DEFENDANT TIPPITT:

Yes, sir.

THE COURT:

Do you understand all the terms and conditions of this plea negotiation?

DEFENDANT TIPPITT:

Yes, sir.

THE COURT:

Have you discussed all the facts and circumstances of this case with your attorney, and discussed any possible defenses that you might have to these charges?

DEFENDANT TIPPITT:

Yes, sir.

---

**4.** We have substituted what we have ascertained to be the spelling of Appellant's name, "Tippitt," for the spelling which appears in the transcript, "Tippett."

THE COURT:

Have you discussed in additionally [sic] with him this plea negotiation, and has it been explained to you, to your satisfaction?

DEFENDANT TIPPITT:

Yes, sir.

THE COURT:

Do you understand that this plea is a conditional plea based upon your truthful testimony?

DEFENDANT TIPPITT:

Yes, sir[,] I do.

THE COURT:

Are you satisfied with the services of your Attorney Mr. Phillip MR. WELLS: [sic]?

DEFENDANT TIPPITT:

Yes, sir.

THE COURT:

Do you have any criticism whatsoever of his services or advice?

DEFENDANT TIPPITT:

No, sir.

THE COURT:

Do I understand that you are pleading guilty because you are in truth and fact guilty of either participating as an accomplice or participating directly in the robbery and murder of Earl Johnson?

DEFENDANT TIPPITT[:]

Yes, sir.

Transcript of Guilty Plea at 9–13, Designated Clerk's Record at 48–52.

■ The next step is exhaustion of remedies. The State of Arkansas concedes that there are no non-futile remedies left to Tippitt, and, therefore, he meets the exhaustion requirement. Tippitt's failure to appeal his Rule 37 denials (whether caused by the state trial court or not) leaves him without a remedy in state proceedings. We next consider whether he has shown cause for not presenting his habeas claims to the state courts.

The only cause which Tippitt argues is that the state trial court prevented him from properly appealing his Rule 37 petitions. Assuming that to be true, it would not save his petition. That cause would only be an excuse for failure to raise the claims from his Rule 37 petitions, not those claims now raised in his habeas petition. As the district court said, also assuming, arguendo, that the state trial court impeded his Rule 37 appeals, "even though [Tippitt] has cause for failing to present some grounds (those raised in his Rule 37 petitions) in state court, he is without cause for failing to present the grounds which he raises in the instant [habeas] petition." Memorandum and Order at 10, Designated Clerk's Record at 167.

We need not go on to step four of the analysis—actual prejudice to Tippitt's defense—because we have concluded that Tippitt is without cause for his failure to raise his habeas claims in his state petitions for post-conviction relief.

## III. CONCLUSION

Because Tippitt's habeas petition raises grounds for relief of ineffective assistance of counsel which were never presented to the state courts of Arkansas and because he is without cause for his failure to present them, we affirm the district court's dismissal of his habeas petition for procedural default.

WOLLMAN, Circuit Judge, concurring in part, dissenting in part.

I would hold that the first ground raised in Tippitt's state petition for post-conviction relief is the functional equivalent of the third ground raised in his federal habeas petition. In substance, Tippitt's state court petitions alleged that his guilty plea had been unlawfully induced or involuntarily entered on the basis of his lack of complete understanding of the nature of the charge and the consequences of his plea. Ground No. 3 of Tippitt's federal habeas petition alleges that his counsel misinformed him "on points of law which were used as inducements to secure a negotiated plea." Although neither the statement attached to this petition nor the statement attached to the second state court Rule 37 petition is a model of clarity, they do express Tippitt's belief that he was misled into entering his guilty plea on the basis of misrepresentations made to him by his counsel concerning the length of time that he would be

required to serve on the charge to which he pleaded guilty. Accordingly, I would hold that the requirement of substantial equivalency set forth in *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), has been satisfied.

I concur in the other portions of the majority opinion.