962 F.2d 12
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Early X. JOHNSON, Appellant,
v.
A.L. LOCKHART, Director, Arkansas Department of Corrections, Appellee.
 No. 91-2645.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 14, 1992.
Filed: May 12, 1992.
 
 Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and HANSEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellant Early X. Johnson appeals from the order of the district court[1] dismissing his second petition for writ for habeas corpus. Johnson argues that the district court erred in holding that his habeas petition was procedurally barred and constituted an abuse of the writ. We affirm.
 
 
 2
 Johnson was convicted in Arkansas of aggravated robbery in 1984. He appealed the conviction on the merits, and the Arkansas Supreme Court affirmed the conviction in October 1985.
 
 
 3
 Johnson did not pursue any post conviction relief in state court. Instead, he filed a habeas petition in the United States District Court for the Eastern District of Arkansas in May 1989. He raised six issues. The district court dismissed the habeas petition by holding that five of the six issues raised were procedurally barred for failing to first present those issues to the Arkansas state courts. With regard to the sixth issue, the district court held it was meritless.
 
 
 4
 Johnson then filed a second habeas petition in May 1990, and alleged three issues. The district court dismissed this habeas petition by holding that two of the issues were procedurally barred for failing to first present these issues to the Arkansas state courts and that the third issue constituted an abuse of the writ. Johnson appeals the dismissal of his second habeas petition.
 
 
 5
 Before a federal court can consider the merits of a habeas petition, the petitioner must fairly present the substance of his claim to the state courts. Buckley v. Lockhart, 892 F.2d 715, 718 (8th Cir. 1989) (citations omitted). If the claim has not been fairly presented, it is procedurally barred, unless the petitioner can show both cause and prejudice, id. (citation omitted), or can demonstrate that failure to consider the claim will result in a " 'fundamental miscarriage of justice.' " Coleman v. Thompson, 111 S. Ct. 2546, 2564 (1991) (quoting Engle v. Isaac, 456 U.S. 107, 135 (1982)).
 
 
 6
 On appeal to the Arkansas Supreme Court on the merits of his conviction, Johnson raised three issues: (1) the trial court erred in admitting unreliable evidence; (2) the state improperly struck for cause black prospective jurors; and (3) the state improperly exercised its peremptory challenges against black prospective jurors. By contrast, Johnson raised the following three issues in his second habeas petition: (1) the trial information was constitutionally defective; (2) ineffective assistance of counsel; and (3) the state improperly struck black prospective jurors.
 
 
 7
 After reviewing the record, we find that Johnson's claims of a constitutionally defective trial information and ineffective assistance of counsel alleged in his habeas petition were not presented to the Arkansas state courts and therefore are procedurally defaulted.
 
 
 8
 Johnson argues that his pro se status should excuse his failure to present his federal claims to the state court. We disagree. Johnson's pro se status is not a sufficient cause for failing to present his claims of a defective trial information and ineffective assistance of counsel to the state court. See Buckley v. Lockhart, 892 F.2d 715, 720 (8th Cir. 1989); Smittie v. Lockhart, 843 F.2d 295, 297 (8th Cir. 1988). Because Johnson has failed to demonstrate cause, we need not consider the issue of prejudice. See Murray v. Carrier, 477 U.S. 492, 494 (1985). We also find that review of these claims is not necessary in order to prevent a fundamental miscarriage of justice.
 
 
 9
 In Johnson's direct appeal to the Arkansas Supreme Court on the merits of his conviction, he did raise the issue of the state's use of its peremptory challenges to strike black prospective jurors. While Johnson's first habeas petition did not raise this issue, his second habeas petition did. The district court found that his failure to assert the issue of peremptory challenges in his first habeas petition constituted an abuse of the writ. We agree.
 
 
 10
 In order to excuse the failure to raise the claim in the first habeas petition, Johnson must show either cause and prejudice or a fundamental miscarriage of justice. McCleskey v. Zant, 111 S. Ct. 1454, 1470 (1991).
 
 
 11
 Cause requires a showing of an external impediment preventing Johnson from constructing or raising this claim in the first habeas petition. Id. at 1472. Johnson was aware of the peremptory challenge issue, as he raised the issue on appeal to the Arkansas Supreme Court. Therefore, he had sufficient knowledge to include this issue in his first habeas petition. Because Johnson's pro se status is not an external impediment which prevented him from raising the issue in the first habeas petition, we hold that he abused the writ. See, e.g., McCoy v. Newsome, 953 F.2d 1252, 1258 (11th Cir. 1992); Rodriguez v. Maynard, 948 F.2d 684, 687 (10th Cir. 1991).
 
 
 12
 Accordingly, we need not consider whether he would be prejudiced by his inability to raise this issue at this late date. See Murray, 477 U.S. at 494. We also hold that Johnson cannot demonstrate that the alleged peremptory challenge violation "has probably resulted in the conviction of one who is actually innocent." Id. at 496.
 
 
 13
 We affirm the order of the district court dismissing Johnson's second habeas corpus petition.
 
 
 
 [1]
 The Honorable Garrett Thomas Eisele, United States District Judge for the Eastern District of Arkansas, adopted the findings and recommendations of The Honorable John F. Forster, Jr., Magistrate Judge for the Eastern District of Arkansas