**Robert WOOD, Petitioner,**

v.

**James PURKETT, Respondent.**

**No. 4:92 CV 811 CEJ.**

United States District Court,
E.D. Missouri.

Jan. 19, 1993.

Robert Wood, pro se.

Paige C. Ryan, William A. Brasher Law Offices, St. Louis, MO, for petitioner.

Frank A. Jung, Asst. Atty. Gen., Jefferson City, MO, for respondent.

## MEMORANDUM AND ORDER

NOCE, United States Magistrate Judge.

This action is before the Court on the motion of respondent to reconsider this Court's Order of December 21, 1992, granting petitioner an evidentiary hearing set for February 12, 1993. This matter was referred to the undersigned United States Magistrate Judge for review and a recommended disposition. 28 U.S.C. § 636(b).

■ The December 21, 1992, Order ordered a hearing on petitioner's claim that his trial counsel rendered ineffective assistance of counsel by failing to call Sherry Boyle as a defense witness at trial. In support of his motion to reconsider, respondent argues that federal habeas review of petitioner's claims of ineffective assistance of counsel is precluded because they are subject to a state procedural bar. Specifically, respondent argues that the determination of the Missouri state courts that petitioner was not entitled to a Rule 27.26 evidentiary hearing constituted a state procedural bar and petitioner must demonstrate cause and prejudice to excuse his procedural default. *See, Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

In his amended state court Rule 27.26 motion, petitioner alleged as his fourth specification of ineffective assistance of counsel:

> Counsel failed to subpoena Sherry Robinson Boyle, movant's most essential witness. Mrs. Boyle would have testified that Crystal Clark had told her that she was lying about the alleged incident and that the prosecutor, Rochne Calhoun, encouraged her to lie about the incident.

Resp. Exh. F., 30. The trial court's dismissal of the Rule 27.26 motion without a hearing did not discuss this allegation. *Id.,* at 61–66. The Missouri Court of Appeals ruled that these alleged facts were insufficient to warrant an evidentiary hearing, because petitioner did not allege that his counsel had knowledge of the witness or that the witness was available to testify at trial. Resp. Exh. J, 3–4. Before this federal court, petitioner makes almost identical allegations, with the addition that witness Boyle had been "an endorsed defense witness." Petition, filed April 28, 1992, Supplemental Page I.

■ Petitioner's federal habeas grounds must be properly presented to the state

circuit and appellate courts before they may be addressed on the merits by this Court. In *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982), the Supreme Court stated the tests for judging whether a claim has been exhausted: "[A] federal habeas petitioner.... [must] provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Id.* at 6, 103 S.Ct. at 277 (citing *Picard v. Connor*, 404 U.S. 270, 276–77, 92 S.Ct. 509, 512–13, 30 L.Ed.2d 438 (1971). Further, the petitioner "must have 'fairly presented' to the state courts the 'substance' of his federal habeas corpus claim." *Id.* (citing *Picard, supra*, 404 U.S. *at* 277–78, 92 S.Ct. at 512–13).

The Eighth Circuit has capsulized the exhaustion doctrine also:

> Federal courts must conduct a four-step analysis to determine whether a petition may be considered when its claims have not been presented to a state court.... First, the court must determine if the petitioner fairly presented "the federal constitutional dimensions of his federal habeas corpus claim to the state courts." ... If not, the federal court must determine if the exhaustion requirement has nonetheless been met because there are no "currently available, non-futile state remedies", through which the petitioner can present his claim.... If a state remedy does not exist, the court next determines whether the petitioner has demonstrated "adequate cause to excuse his failure to raise the claims in state court properly." ... If the petitioner can show sufficient cause, the final step is to determine whether he has shown "actual prejudice to his defense resulting from the state court's failure to address the merits of the claim." ... The petition must be dismissed unless the petitioner succeeds at each stage of the analysis.

*Smittie v. Lockhart*, 843 F.2d 295, 296 (8th Cir.1988) (citations omitted).

Upon review of the record, the Court finds that petitioner has no available, non-futile state court remedies. The motion for 27.26 relief, filed in the Circuit Court of Lincoln County, alleges the same grounds for relief made in the instant federal petition. Although the state appellate court considered petitioner's allegations to be too conclusory to warrant a 27.26 evidentiary hearing, this Court does not extend this to mean that the state courts pronounced a procedural bar with regard to petitioner's claims.

Furthermore, petitioner is not attempting to bring a factually different claim. In fact, he is asserting the same claim he did in the state courts. *Cf., Tippitt v. Lockhart*, 903 F.2d 552, 554 (8th Cir.1990); *Bolder v. Armontrout*, 921 F.2d 1359, 1364 (8th Cir.1990). In each of the cases cited by respondent[1] (*see*, Motion to Reconsider, filed December 30, 1992.), the petitioners therein attempted to bring factually different (or more specific) claims before the federal courts than they did in the state courts. This is simply not the issue in the present case. The Court finds "that [petitioner's] claim of ineffective assistance was substantially before the state court and that this court may consider it." *Smith v. Lockhart*, 921 F.2d 154, 156 n. 3 (8th Cir. 1990).

While state court factual findings are usually entitled to a presumption of correctness under 28 U.S.C. § 2254(d), this presumption applies only to historical facts, not to the mixed issue of law and fact of whether petitioner received ineffective assistance of counsel. *Miller v. Fenton*, 474 U.S. 104, 110–11, 106 S.Ct. 445, 449–50, 88 L.Ed.2d 405 (1985); *Kellogg v. Scurr*, 741 F.2d 1099, 1101 (8th Cir.1984). Furthermore, "[i]f conditions exist casting doubt on the reliability of the state court findings of fact, the presumption of correctness may be rebutted, and the petitioner is entitled to an evidentiary hearing to review the findings. *Taylor v. Armontrout*, 915 F.2d 1576 (8th Cir.1990) (per curiam).

1. *Hill v. Lockhart*, 877 F.2d 698 (8th Cir.1989), *cert. denied*, 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 767 (1990); *Buckley v. Lockhart*, 892 F.2d 715 (8th Cir.1989), *cert. denied*, 497 U.S. 1006, 110 S.Ct. 3243, 111 L.Ed.2d 753 (1990).

In this case, the undersigned believes that petitioner gave the Missouri state courts a reasonable opportunity to decide the merits of the habeas ground set for a hearing. The respondent did not argue the procedural bar that is urged now. The failure of the Missouri state courts to expressly rule the merits of the alleged ground does not establish that available remedies were not exhausted by that procedure. *Powell v. Wyrick*, 744 F.2d 632, 634 (8th Cir.1984). Petitioner has "fairly presented" the "substance" of his habeas claim to the state courts.

Upon finding that petitioner's claim is not subject to a procedural bar, the Court further finds that respondent's reliance upon *Keeney v. Tamayo–Reyes*, — U.S. ——, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992), is unpersuasive. The issue in this case is whether petitioner fairly presented the substance of his federal habeas claim to the state courts. Respondent attempts to link the issue of exhaustion with that of failure to develop a material fact in state court proceedings. Although the cause and prejudice standard is now used for both, they remain separate and distinct concepts. *Keeney, supra.*

Whereupon,

IT IS HEREBY ORDERED that respondent's motion to reconsider the Court's Order of December 21, 1992 is denied.