**Larry Doby SMITTIE, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Dept. of Correction, Appellee.**

**No. 87–1729.**

United States Court of Appeals, Eighth Circuit.

Submitted March 17, 1988.

Decided March 31, 1988.

Marie–Bernarde Miller, Little Rock, Ark., for appellant.

William F. Knight, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before FAGG, WRIGHT[1] and MAGILL, Circuit Judges.

EUGENE A. WRIGHT, Senior Circuit Judge.

Smittie's habeas corpus petition was dismissed for failing to exhaust Arkansas's post conviction remedies. We affirm.

Smittie was convicted of aggravated robbery and interference with a law enforcement officer. The Arkansas Supreme Court affirmed the convictions. Without pursuing state post-conviction remedies, Smittie filed a habeas petition that asserted grounds for relief never presented to a state court.

The district court[2] gave Smittie the opportunity to explain why his claims were never raised before an Arkansas court. Smittie replied that he has a ninth grade education and is a layman unschooled at law, and that his attorney "never spoke of any post conviction relief nor of any time limit."

The district court considered Smittie's failure to exhaust state remedies under the cause and prejudice analysis of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). It ruled that Smittie's pro se status and questionable reading and writing skills did not constitute cause for failing to present his claims to the state courts. The court observed that ineffective assistance of counsel would serve as cause for procedural default but ruled Smittie's allegations failed to establish ineffective assistance of counsel. The court found no cause to excuse the exhaustion requirement and dismissed the petition.

## Discussion

Federal courts' power to entertain a writ of habeas corpus is governed by statute:

(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the state....

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b), (c) (1982).

■ Federal courts must conduct a four-step analysis to determine whether a petition may be considered when its claims have not been presented to a state court. *See Laws v. Armontrout*, 834 F.2d 1401, 1412–15 (8th Cir.1987). First, the court must determine if the petitioner fairly presented "the federal constitutional dimensions of his federal habeas corpus claim to the state courts." *Id.* at 1412. If not, the federal court must determine if the exhaustion requirement has nonetheless been met because there are no "currently available, non-futile state remedies", through which the petitioner can present his claim. *Id.* If a state remedy does not exist, the court next determines whether the petitioner has demonstrated "adequate cause to excuse his failure to raise the claim in state court properly." *Id.* at 1415. If the petitioner can show sufficient cause, the final step is to determine whether he has shown "actual prejudice to his defense resulting from the state court's failure to address the merits of the claim." *Id.* The petition must be dismissed unless the petitioner succeeds at each stage of the analysis.

### A. Claims Presented to State Court

■ The exhaustion requirement has as its purpose giving state courts "the first

---

1. The Honorable Eugene A. Wright, Senior United States Circuit Judge for the Ninth Circuit United States Court of Appeals.

2. Honorable H. David Young, United States Magistrate, United States District Court for the Eastern District of Arkansas.

opportunity to review federal constitutional issues and to correct federal constitutional errors made by the state's trial courts.... '[T]he petitioner must have informed the state court of both the *factual and the legal* premises of the claim he asserts in federal court.'" *Id.* at 1412 (citations omitted) (emphasis in original).

Smittie's petition alleges seven grounds for relief:

(1) denial of effective assistance of counsel;

(2) conviction obtained with hearsay testimony;

(3) conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to him;

(4) lack of positive identification by eyewitnesses;

(5) unlawful sentence and charge;

(6) conviction was against the weight of the evidence; and

(7) conviction obtained by action of a petit jury unconstitutionally selected and impaneled.

On direct appeal to the Arkansas Supreme Court, Smittie's sole ground for reversal was the trial court's refusal to grant a mistrial due to prejudicial prosecutorial comments. Having examined the trial transcript and appellate brief, the district court determined that not one of the seven grounds asserted in the petition had been raised before. Smittie does not challenge this finding.

*B. Available Non–Futile State Remedies*

■ We determine next whether there are any currently available non-futile state remedies. "Only after some clear manifestation on the record that a state court will not entertain petitioner's constitutional claims even if fairly presented will the exhaustion requirement be disregarded as futile." *Eaton v. Wyrick*, 528 F.2d 477, 482 (8th Cir.1975).

Rule 37.2 of Arkansas Rules of Criminal Procedure governs the availability of post-conviction relief:

(a) If the conviction in the original case was appealed to the Supreme Court or Court of Appeals, then no proceeding under this rule shall be entertained by the circuit court without prior permission of the Supreme Court.

(b) ... Any ground ... intelligently and understandingly waived ... in any other proceedings that the prisoner may have taken to secure relief from his conviction or sentence, may not be the basis for a subsequent petition.

(c) A petition claiming relief under this rule must be filed in circuit court or, if prior permission to proceed is necessary as indicated in paragraph (a), in the Supreme Court within three (3) years of the date of commitment, unless the ground for relief would render the judgment of conviction absolutely void.

Smittie faces three hurdles in securing state court post-conviction relief. Because of his prior appeal he must have the permission of the Supreme Court and demonstrate that the claims raised now were not "intelligently and understandingly" waived, and because he was convicted in 1978 he must overcome the three-year limitation.

We need address only the three-year limitation of subsection (c). To avoid the limitation, the ground alleged must be "so basic that the judgment is a complete nullity, such as a judgment obtained in a court without jurisdiction ... or a judgment obtained in violation of the double jeopardy clause." *See Travis v. State*, 286 Ark. 26, 688 S.W.2d 935, 937 (1985).

Issues that are of constitutional dimension will not avoid the limit unless they void the conviction; the burden of demonstrating that the judgment was a nullity rests with the petitioner. *Id.* Grounds sufficient to avoid the limit of subsection (c) are extremely limited. *See id.* (involuntary plea not sufficient grounds); *Cotton v. State*, 293 Ark. 338, 738 S.W.2d 90 (1987) (insufficient evidence not sufficient); *Hedrick v. State*, 292 Ark. 411, 730 S.W.2d 488 (1987) (guilty plea to crime not charged not sufficient); *Sanders v. State*, 291 Ark. 200, 723 S.W.2d 370 (1987) (conviction based on

misidentification not sufficient); *Blair v. State,* 290 Ark. 22, 716 S.W.2d 197 (1986) (ineffective assistance of counsel not sufficient).

We are persuaded that Smittie's grounds for relief are not sufficient to avoid the three-year limitation. It would be futile to seek relief under Rule 37. Smittie has met the federal exhaustion requirement.

### C. Cause

The next and crucial question is whether he has demonstrated adequate cause for failing to raise his claims in state court.

 We consider whether his pro se status and ninth grade education are adequate cause. The exhaustion requirement is based on principles of comity and federalism and provides state courts the initial opportunity to review all claims of constitutional error. *See Rose v. Lundy,* 455 U.S. 509, 518–19, 102 S.Ct. 1198, 1203–04, 71 L.Ed.2d 379 (1982). These considerations would be undermined impermissibly by allowing prisoners who allege procedural ignorance to escape state review of their claims. Smittie's pro se status and educational background are not sufficient cause for failing to pursue state-court remedies. *See United States v. Ragen,* 231 F.2d 312, 314 (7th Cir.1956).

He contends also that ineffective assistance of counsel caused the failure to raise his claims before Arkansas courts. The Supreme Court has stated: "The exhaustion doctrine ... generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for procedural default." *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 2646, 91 L.Ed.2d 397 (1986). This court has applied that requirement when a petitioner asserts ineffective assistance of counsel as cause for failing to raise a claim before state courts. *Leggins v. Lockhart,* 822 F.2d 764, 768 n. 5 (8th Cir.1987); *see also Laws v. Armontrout,* 834 F.2d 1401, 1415 n. 10 (8th Cir.1987). The ineffective assistance of counsel issue was not presented to any state court. We cannot excuse the failure to present the claims to state court because of ineffective assistance of counsel. Accordingly, we need not consider the question of prejudice.

### CONCLUSION

Although we determined that it would be futile for Smittie to pursue Rule 37 remedies, he has not alleged sufficient cause to excuse the failure to present his claims to Arkansas courts. His petition for habeas corpus is dismissed and the judgment of the district court is affirmed.