**Miguel Angel VASQUEZ, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Corrections, Appellee.**

No. 87–2571.

United States Court of Appeals,
Eighth Circuit.

Submitted June 14, 1988.

Decided Oct. 31, 1988.

Petition for Rehearing Denied
Dec. 14, 1988.

Lynley Arnett, AAG, Little Rock, Ark., for appellee.

Robert L. Baker, Little Rock, Ark., for appellant.

Before JOHN R. GIBSON and BOWMAN, Circuit Judges, and STUART, Senior District Judge.*

BOWMAN, Circuit Judge.

Miguel Angel Vasquez appeals the District Court's[1] dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Vasquez contends that the Court below erred in refusing to consider the merits of his ineffective assistance of counsel claim and in dismissing his claims based on insufficiency of the evidence and denial of his right to effective cross-examination of an adverse witness. We affirm.

Vasquez, a Mexican national, was convicted of first degree murder in 1985 by a jury in the Circuit Court of Pulaski County, Arkansas. The Arkansas Supreme Court affirmed his conviction on direct appeal. *Vasquez v. State,* 287 Ark. 468, 701 S.W.2d 357 (1985). In 1986, Vasquez filed a pro se petition for post-conviction relief under Ark.R.Crim.P. 37, which the Arkansas Supreme Court denied. *Vasquez v. State,* No. CR 85–107 (Ark.Sup.Ct. Nov. 17, 1986) (per curiam) [1986 WL 12927]. Vasquez did not allege ineffective assistance of counsel either on direct appeal or in that collateral proceeding.[2]

Vasquez filed the instant pro se habeas petition with the District Court, alleging (1) that he received ineffective assistance of counsel at trial and on direct appeal; (2) that the evidence at trial was insufficient; and (3) that he was denied his right to cross-examine effectively the principal witness for the state. The District Court declined to appoint counsel or hold an evidentiary hearing, and denied relief. *Vasquez*

*v. Lockhart,* No. PB–C–87–334 (E.D.Ark. Oct. 9, 1987). We appointed counsel for purposes of this appeal. Vasquez asserts on appeal that his failure to include his ineffective assistance claim in his pro se petition for state post-conviction relief does not procedurally bar its consideration in federal court, and that he is entitled to relief on his claims of insufficiency of the evidence and right to effective cross-examination.

I.

Vasquez argues that the District Court erred in applying the cause and prejudice test of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), to conclude that it was procedurally barred from reviewing his ineffective assistance claim. Vasquez cites *Knott v. Mabry,* 671 F.2d 1208 (8th Cir.), *cert. denied,* 459 U.S. 851, 103 S.Ct. 115, 74 L.Ed.2d 101 (1982), to support his assertion that the "deliberate bypass" test of *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), should apply instead because of his pro se status in the state post-conviction proceedings. We disagree.

Since this Court's decision in *Knott,* the Supreme Court in *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), held that the *Wainwright* cause and prejudice test applies to cases in which counsel failed to raise particular claims in a state appeal when that failure is treated as a procedural default by the state courts. In the wake of *Murray,* this Court recently applied the *Wainwright* cause and prejudice test to a case in which a federal habeas petitioner had failed to file a pro se state post-conviction petition within the statutory

---

* The HONORABLE WILLIAM C. STUART, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

1. The Honorable Elsijane T. Roy, United States District Judge for the Eastern District of Arkansas.

2. Vasquez alleges that he later filed a second petition for post-conviction relief in which he

included a claim based on ineffective assistance of counsel, and that the Arkansas Supreme Court declined to consider that petition. The District Court noted that the Arkansas Supreme Court's refusal to entertain that second petition was in accordance with Arkansas law disallowing successive petitions under Rule 37 except when the initial petition was specifically denied without prejudice.

time limit. *Smittie v. Lockhart*, 843 F.2d 295 (8th Cir.1988). The *Smittie* case is in accord with post-*Murray* decisions of other circuits, and manifests the trend toward wider application of the *Wainwright* cause and prejudice test. *See Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 908 (9th Cir.1986); *see also Alexander v. Dugger*, 841 F.2d 371, 374 n. 3 (11th Cir. 1988). We follow *Smittie* and hold that the District Court properly applied the *Wainwright* test to determine whether Vasquez's failure to include his ineffective assistance of counsel claim in his Arkansas Rule 37 petition operates as a procedural bar to federal consideration of that issue.[3]

We further conclude that the District Court properly held that Vasquez's pro se status and lack of familiarity with the American language and court system do not constitute cause under the *Wainwright* standard. *See Smittie*, 843 F.2d at 298 (petitioner's "pro se status and [limited] educational background are not sufficient cause for failing to pursue state-court remedies."); *Hughes*, 800 F.2d at 909. Vasquez's ineffective assistance claim therefore is procedurally barred under *Wainwright v. Sykes*, and the District Court properly declined to consider it.[4]

### II.

Vasquez asserts that the evidence was insufficient to support his conviction. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), instructs us to view the evidence in the light most favorable to the prosecution to determine whether *"any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319, 99 S.Ct. at 2789. We have reviewed the trial transcript and we affirm without further comment the District Court's determination that the *Jackson* test is met in this case.

### III.

Finally, Vasquez asserts that his trial was fundamentally unfair because the State's principal witness provided unresponsive answers to questions on cross-examination. Specifically, Vasquez contends that he was prevented from effectively cross-examining Mrs. Elsie Hicks, the victim's mother. Hicks, who is hard of hearing and approaching 80 years of age, had apparently told the police shortly after the crime that she had not seen Vasquez actually stab her daughter. At trial, however, Hicks testified on direct examination that she did see Vasquez stab her daughter. On cross-examination, the following exchange took place:

Q On page two of the statement [to the police] the question was made to you, "Did you see him hit her with that knife?" And your response was, "No. When he had the knife and I said don't you do that, you know, that's when I seen he was going to try to stab her." But you didn't see him stab her. Is that what—

A Yeah, but I seen him draw back and look at me wanting me to get away.

Tr. at 169–170.

After Hicks testified on redirect that she was "sure" she saw Vasquez stab her daughter, defense counsel initiated the following dialogue on recross:

Q Mrs. Hicks, you don't remember what you told the police that morning do you after this happened? In your response to the police's questions you said

---

**3.** Vasquez argues alternatively that we should follow *Beavers v. Lockhart*, 755 F.2d 657 (8th Cir.1985), in which this Court reached the merits of a claim despite the petitioner's failure to raise the claim in federal district court, invoking the exception reserved for those special cases in which "injustice might otherwise result." *Id.* at 662, (*quoting Hormel v. Helvering*, 312 U.S. 552, 557, 61 S.Ct. 719, 721, 85 L.Ed. 1037 (1941)). *Beavers* does not, however, stand for the proposition that a federal court may ignore the cause and prejudice test and apply a separate "ends of justice" test in these circumstances, and we decline to so interpret it.

**4.** We note that this is not a case in which a constitutional violation has "probably resulted in the conviction of one who is actually innocent," thereby warranting consideration of the merits of the claim even though the cause and prejudice test is not met. *See Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 2650, 91 L.Ed. 2d 397 (1986).

no you didn't [see Vasquez stab the victim]?

A See, we went to headquarters and there's where the police questioned me what happened, you know, and I told them I would tell them the truth about what happened and tell everything that I remembered happened.

Q But you don't remember saying to them that you did not see him stab her, do you?

A Yeah, I seen him stab Wanda. Right in here. He had a knife and twisting it and made a big hole

[DEFENSE COUNSEL]: Your honor—

A —bored a big hole in her chest and he stuck her right here somewhere in the neck the thorax and she died from a stab wound to the thorax.

[THE COURT]: Did you want to say something?

[DEFENSE COUNSEL]: I just wanted to say, your Honor, that the response was not to my question.

[THE COURT]: Overruled.

Tr. at 182–183.

We agree with the District Court that the witness's unresponsiveness did not render the trial fundamentally unfair. Vasquez was afforded his constitutional right to confront and cross-examine the witnesses against him. *See United States v. Owens*, 484 U.S. 554, 108 S.Ct. 838, 842, 98 L.Ed.2d 951 (1988) ("[T]he Confrontation Clause guarantees only 'an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" (*quoting Kentucky v. Stincer*, 482 U.S. 730, 107 S.Ct. 2658, 2664, 96 L.Ed.2d 631 (1987))). Further, the trial court did not abuse its discretion by refusing to strike the testimony characterized by Vasquez as unresponsive. The court placed no limits on questions directing attention to the witness's prior inconsistent statement, and counsel was free to pursue avenues of questioning that might undermine the witness's credibility. Moreover, in the exchange set out above, Vasquez arguably succeeded in pointing out the inconsistency between Hicks's testimony at trial and her prior statement to police. The evaluation of her credibility and the weight to be given her testimony were questions for the jury.

We have carefully considered each of Vasquez's claims and conclude that he is not entitled to the requested relief. The order of the District Court dismissing his petition for habeas corpus is affirmed.