972 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Esteban VEYTIA-BRAVO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-2398.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 24, 1992.*
Decided July 31, 1992.
 
 Before CUMMINGS, POSNER and MANION, Circuit Judge.
 
 ORDER
 
 1
 Esteban Veytia-Bravo challenges the district court's summary dismissal of his post-conviction motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. § 2255.
 
 
 2
 Veytia-Bravo pleaded guilty to conspiracy with intent to distribute marijuana. He was sentenced to 42 months in prison to be followed by 4 years of supervised release. Almost five months later, Veytia-Bravo filed a pro se notice of appeal. Because the notice of appeal was untimely under Fed.R.App.P. 4(b), we dismissed the appeal for want of jurisdiction.
 
 
 3
 Veytia-Bravo then filed a pro se motion in district court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Without discussing Veytia-Bravo's failure to take a direct appeal, the district court found that he was not entitled to relief on the merits. Under Rule 4 governing section 2255 proceedings, the court summarily dismissed Veytia-Bravo's motion. From this order, Veytia-Bravo filed a timely notice of appeal.
 
 
 4
 A federal prisoner generally may not raise a claim on collateral review that was not, but could have been, raised on direct review, Theodorou v. United States, 887 F.2d 1336, 1339 (7th Cir.1989); Williams v. United States, 805 F.2d 1301, 1303-06 (7th Cir.1986), cert. denied, 481 U.S. 1039 (1987), unless he or she can show cause and prejudice. United States v. Frady, 456 U.S. 152, 167 (1982); Wainwright v. Sykes, 433 U.S. 72 (1977). Because neither Veytia-Bravo nor his attorney filed a timely notice of appeal, Veytia was barred from raising any claims on direct appeal. Thus, he may not raise any claims on this appeal unless he shows cause and prejudice.
 
 
 5
 Although sometimes unclear, Veytia-Bravo seems to make two arguments that there was "cause" for his failure to take a direct appeal. First, he claims that because he is a non-English speaking Mexican, he lacked knowledge of the time limit for filing a notice of appeal. Reply Br. 1. However, mere ignorance does not constitute "cause." Numerous courts have held that factors such as pro se status, lack of familiarity with legal procedures, limited education or illiteracy, and unfamiliarity with English do not constitute "cause" for a procedural default. See Henderson v. Cohn, 919 F.2d 1270 (7th Cir.1990) (illiteracy); Rodriguez v. Maynard, 948 F.2d 684 (10th Cir.1991) (pro se status and lack of awareness and training in legal issues); Vasquez v. Lockhart, 867 F.2d 1056 (8th Cir.1988) (pro se status and lack of familiarity with English), cert. denied, 490 U.S. 1100 (1989); Smittie v. Lockhart, 843 F.2d 295 (8th Cir.1988) (pro se status and educational background); Hughes v. Idaho State Board of Corrections, 800 F.2d 905 (9th Cir.1986) (illiteracy). We found these and like authorities persuasive in Henderson, 919 F.2d at 1272, and we find them persuasive in this case.
 
 
 6
 Second, Veytia-Bravo suggests that cause exists because his attorney failed to file a notice of appeal. In Murray v. Carrier, 477 U.S. 478, 488 (1986), the Supreme Court explained that cause for a procedural default arises when there is "some objective factor external to the defense [that] impeded counsel's efforts to comply with the ... procedural rule." Id. Attorney error or inadvertence that results in a procedural default does not constitute "cause" under this standard because defense counsel is an agent of the defendant and thus not "external to the defense." Coleman v. Thompson, 111 S.Ct. 2546, 2566-67 (1991).
 
 
 7
 The exception to the rule that attorney error does not constitute "cause" for a procedural default is when the attorney's performance amounts to ineffective assistance of counsel under the Sixth Amendment. Veytia-Bravo states that his attorney failed to file a notice of appeal, but he does not specifically argue that this failure constitutes ineffective assistance of counsel. Construing his pleadings liberally to make such an argument, Haines v. Kerner, 404 U.S. 519, 520 (1972), we do not find a Sixth Amendment violation.
 
 
 8
 Under Strickland v. Washington, 466 U.S. 668 (1984), a defendant must show two things in order to obtain a reversal of a conviction based on counsel's performance: first, that the attorney made errors so serious that he was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment, and second, that the attorney's performance prejudiced the defense. Id. at 687. The defendant must make both of these showings in the face of a strong presumption that counsel's assistance was constitutionally effective. Id. at 689 & 690.
 
 
 9
 Was Veytia-Bravo's attorney functioning as "counsel" as guaranteed by the Sixth Amendment? We have stated that "[f]ailure by an attorney to perfect an appeal where the client has indicated a desire to appeal amounts to ineffective assistance of counsel." Clay v. Director, Juvenile Division, Dept. of Corrections, 749 F.2d 427, 431 (7th Cir.1984), cert. denied, 471 U.S. 1108 (1985). Although Veytia-Bravo was able to communicate with his attorney since both spoke Spanish, he makes no claim that he asked his attorney to appeal. In the face of the strong presumption that counsel's performance was adequate, we will not assume that Veytia-Bravo's attorney simply ignored a stated desire to appeal. Because we are unable to conclude that Veytia-Bravo's attorney did not serve as the "counsel" guaranteed by the Sixth Amendment, we need not go on to address the issue of prejudice. Strickland, 466 U.S. at 687. We do not find that Veytia-Bravo's attorney was ineffective under the standards of Strickland.
 
 
 10
 Finally, we do not believe that this is one of those exceptional cases that permits us to bypass the cause and prejudice standard. Despite Veytia-Bravo's claim of innocence, he admits that he accompanied a drug dealer to Michigan to deliver 40-50 pounds of marijuana. He claims that he did this in order to receive payment for a pick-up truck he sold to the drug dealer. Reply Br. 2-3. Given Veytia-Bravo's admitted involvement in the drug delivery, this does not appear to be a case where a constitutional violation has probably resulted in the conviction of one who is actually innocent. See Murray, 477 U.S. at 496.
 
 
 11
 Based on the foregoing reasons, the district court's dismissal of Veytia-Bravo's motion to vacate his sentence is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record