989 F.2d 505
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Michael D. MOLL, Appellant,
v.
STATE OF MISSOURI, Appellee,
 No. 91-3074-EMSL.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 17, 1992.
Filed: March 2, 1993.
 
 Before McMILLIAN and BOWMAN, Circuit Judges, and EISELE,* Senior District Judge.
 PER CURIAM.
 
 
 1
 Michael D. Moll filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Missouri, Eastern Division, on December 28, 1989. An amended petition was filed on February 28, 1990. On June 5, 1990, respondent was ordered to show cause why the writ should not be granted. The response was filed on July 6, 1990. The case was then referred to a Magistrate Judge for report and recommendation.
 
 
 2
 On June 7, 1991, the Magistrate Judge recommended that the petition be denied with prejudice concluding that the allegations were either not cognizable in this habeas proceeding or that they were procedurally barred or without merit. On August 8, 1991, the United States District Judge "adopted, sustained, and incorporated" the report and recommendation of the Magistrate Judge. On August 29, 1991, petitioner filed a notice of appeal. The District Judge thereafter granted petitioner a certificate of probable cause and this appeal followed.
 
 BACKGROUND
 
 3
 Petitioner was indicted by a grand jury of St. Louis County, Missouri, in January, 1983 for the crimes of rape, robbery, burglary and the stealing of a motor vehicle. At that time Moll was serving a 20 year sentence in Illinois pursuant to a separate conviction in that state for armed robbery and home invasion. He was "arrested" by receiving through the mail the arrest warrant on the St. Louis County charges.
 
 
 4
 On May 31, 1983, petitioner filed a request for the disposition of the Missouri charges pursuant to the Interstate Agreement on Detainers Act ("IADA"). In connection with the request Mr. Moll waived extradition and asked for the appointment of an attorney.
 
 
 5
 No trial, hearing, or other disposition of the Missouri charges occurred within the required 180 days required by the IADA, although the Prosecuting Attorney and a Circuit Judge of St. Louis County on June 1, 1983 signed the acceptance of the offer of temporary custody which accompanied Mr. Moll's request. This form indicated that Petitioner would be tried in St. Louis County, Missouri, on or about July 5, 1983, well within the 180 day period.
 
 
 6
 On July 21, 1983, petitioner was transferred to the Menard Psychiatric Center in Illinois where he remained until February 15, 1989. The record does not contain any documents which explain the reasons for Mr. Moll's transfer to, and retention by, the Psychiatric Center, although there are indications of a prior history of mental problems.
 
 
 7
 On January 2, 1986, (There is a question whether the date was January, 2, 1985, or January 2, 1986.) Mr. Moll filed a second request for disposition of the Missouri charges. On this second occasion Mr. Moll again requested the appointment of counsel. And, it should be noted, in his later-filed habeas petition, he alleged that he also requested a competency hearing prior to signing the second IADA request. He further alleged that both requests were denied without a hearing.
 
 
 8
 On April 4, 1986, petitioner was brought before the Circuit Court for St. Louis County, Missouri where he pled guilty to all four charges. He was sentenced to 25, 25, 15 and 7 years on these charges, said sentences to run concurrently one with the other but all four to be consecutive to the sentence he was then serving in Illinois.
 
 
 9
 At the hearing in Circuit Court, Mr. Moll was represented by a court-appointed Special Public Defender. He did not have the benefit of counsel prior to his transfer. No competency hearing or psychiatric evaluation was requested. In fact, other than Mr. Moll's own brief testimony, the record is devoid of any evidence relating to Mr. Moll's competency to stand trial or his mental health history or status. Petitioner did testify, however, that he entered Menard Psychiatric Center voluntarily in an effort to avoid trouble with gangs. This, however, has never been verified and there is some indication in the record that Menard does not accept inmates for such reasons.
 
 
 10
 Petitioner first sought to collaterally attack his Missouri convictions by filing an action in the District Court of the Southern District of Illinois. This action was dismissed without prejudice on November 16, 1989, based on improper venue. On November 8, 1989, he filed a Petition for Writ of Habeas Corpus in the Circuit Court for St. Louis County, Missouri. It was denied on the very date it was filed, without any hearing or the appointment of counsel, on the ground that it was not filed in the County in which Moll was then held.
 
 
 11
 Petitioner filed this § 2254 petition in the Eastern District of Missouri on December 12, 1989. He requested the appointment of counsel to assist him and when that request was denied he sought reconsideration of that denial. No counsel was ever appointed for petitioner in the United States District Court.
 
 
 12
 The Magistrate Judge recommended denial of the petition on June 7, 1991, without holding an evidentiary hearing. When Mr. Moll filed objections to the Magistrate-Judge's recommendation, he again sought the appointment of counsel, arguing that without such assistance, he could not obtain the medical records that would support his ineffective assistance of counsel and due process claims. No such appointment was made. The District Judge adopted the Magistrate Judge's recommendation and this appeal followed.
 
 
 13
 In his December 28, 1989, habeas petition, Mr. Moll raised the following issues as described in the Report and Recommendation of the Magistrate Judge:
 
 
 14
 Petitioner has set out nine claims for relief: (1) he was not advised of his Miranda rights, and an arrest warrant was sent to him in the mail; (2) a request for a psychiatric hearing was denied; (3) his request for counsel before signing waivers of his rights under the Interstate Agreement on Detainers Act was denied; (4) more than 180 days passed after he requested a trial and before he was brought to trial; (5) he was drugged throughout the proceedings in St. Louis County, Missouri; (6) he was threatened with electric shock treatment if he refused to sign the waivers; (7) the extradition process was illegal and unlawful; (8) he had ineffective assistance of counsel (petitioner alleges nine separate grounds); (9) and the judge denied the petitioner a fair trial by accepting his guilty plea.
 
 
 15
 Petitioner alleged 9 specific bases to support his ineffective assistance claim including the following:
 
 
 16
 1) counsel knew that he was not mentally competent at the time of his plea but did not request a competency hearing or psychiatric examination or even raise the issue of the Moll's competency; 2) counsel knew that he was being subjected to an illegal proceeding and 3) counsel knew that his guilty plea was not voluntary.
 
 EXHAUSTION
 
 17
 The state contended that petitioner had not exhausted his state remedies. Its position was that Rule 24.035 of the Missouri Rules of Civil Procedure would provide Moll with a state remedy once he was received into Missouri custody and that the record contained no indication that this remedy would be futile. Respondent contended that Rule 24.035(b) provides that "the motion shall be filed within ninety days after the movant is delivered to the custody of the Department of Corrections." It further contended that since petitioner had never been delivered to the custody of the Missouri Department of Corrections, his time for filing a Rule 24.035 motion had not lapsed.
 
 
 18
 We quote the entire opinion of the Magistrate Judge on this issue, noting that he tends to conflate the exhaustion and procedural default issues:
 
 
 19
 The Eighth Circuit recently explained the exhaustion doctrine
 
 
 20
 in Smittie v. Lockhart, 843 F.2d 295 (8th Cir. 1988). First the District Court must determine whether the federal constitutional dimensions of the habeas corpus claims were fairly presented to the state courts. If not, the Court must determine whether the exhaustion requirement has been met because no non-futile state court remedies exist. The District Court must then determine whether or not adequate cause exists to excuse the failure to raise such claims. If sufficient cause exists, petitioner must demonstrate "actual prejudice to his defense resulting from the state court's failure to address the merits of the claim." Id. at 296. The habeas petition must be dismissed unless it survives each level of analysis.
 
 
 21
 Petitioner's state habeas was denied on procedural grounds, and petitioner has filed no other post-conviction relief. Thus petitioner has not fairly presented his claims to the state courts. See Wainwright v. Sykes, 433 U.S. 72 (1977). The Court must then consider if petitioner has any non-futile state remedies available. Id. at 296.
 
 
 22
 This Court disagrees with the respondent's contention that petitioner has a 24.035 motion available when he is delivered to the Missouri Department of Corrections. A reading of Rule 24.035 and Missouri case law indicates that petitioner has waived his right to bring a 24.035 motion because he was sentenced prior to January 1, 1988, and did not bring the motion before June 30, 1988. The fact that petitioner may not be taken into custody until after the January 1, 1988, date is irrelevant. Day v. State of Missouri, 770 S.W. 2d 692 (Mo. banc 1989).
 
 
 23
 Further, petitioner may not bring a petition for habeas corpus in the State of Missouri. The rule provides that the petition must be filed in the county in which the person is held in custody. Rule 91-02, Missouri Rules of Civil Procedure. Petitioner is currently incarcerated in Illinois. Therefore, petitioner does not have any non-futile state court remedies available.
 
 
 24
 The Court must then consider if petitioner has shown cause for his default. Smittie, 843 F.2d at 296. The Court must determine whether petitioner can demonstrate (1) "adequate cause to excuse his failure to raise the claim[s] in state court properly." and if he can show such cause, then he must also show (2) "actual prejudice to his defense resulting from the state court's failure to address the merits of the claim[s]." Id.
 
 
 25
 A reading of the exhibits provided by petitioner indicates that he was advised numerous times to file post-conviction relief in the form of a 27.26 motion or a 24.035 motion. Petitioner did not do either. Although petitioner claims that it was because he was not mentally competent, it appears he was competent enough to correspond with the public defenders office; he was competent enough to file a state habeas petition; and competent enough to file a petition for writ of habeas corpus with this Court. Furthermore, a fair reading of the transcript of petitioner's guilty plea indicates that petitioner stated to the court at his plea hearing that he was in the Menard Psychiatric Center voluntarily in order to avoid the gang relationships in the general population. (Resp. Exh. A.) This does not support petitioner's contention that he was mentally incompetent and could therefore not file post-conviction relief. For these reasons, petitioner has not stated cause for his procedural default and his claims should be dismissed.
 
 
 26
 Addendum, pp. 6-8.
 
 
 27
 Both the petitioner and the respondent disagree with the Magistrate Judge's analysis of the exhaustion issue. Respondent contends that petitioner failed to exhaust his non-futile state remedies and that the judgment of the district court should be reversed and dismissed on that basis. Petitioner argues that both the Respondent and the lower court erred in their analysis of this issue. He agrees that he will potentially have a remedy in Missouri courts if and when he is delivered to the custody of the Missouri Department of Corrections. But he contends the Respondent is in error in its contention that Mr. Moll's habeas action is premature because of his failure to exhaust state remedies. In this connection petitioner argues that the Respondent has ignored the explicit exception to the exhaustion requirement found in 28 U.S.C. § 2254(b) which provides:
 
 
 28
 (b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner. (Emphasis supplied).
 
 
 29
 Petitioner and Respondent appear to agree that the recent case of Thomas v. State 808 S.W. 2d 364 (Mo. banc 1991) undercuts the Magistrate Judge's conclusion that Mr. Moll waived his right even to file a Rule 24.035 proceeding by not filing same on or before June 30, 1988. In Thomas the Missouri Supreme Court recognized that the transition times in Rule 24.035(e) apply only to defendants who then were in actual custody of the Missouri Department of Corrections:
 
 
 30
 ... The transitional times provided by Rule 24.045(e) are designed to permit persons convicted of crimes and granted the opportunity for post-conviction review under Rule 27.26 an extended time in which to comply with the provisions of the new Rule 24.035 They are not intended to terminate the opportunity for post-conviction review in a manner contrary to the plain language of the rule. Because Thomas' time under Rule 24.035 did not begin to run until his physical delivery to the Department of Corrections on November 14, 1988, his pro se Rule 24.035 motion filed on January 26, 1989, fell within the ninety-day time limit established by the rule. We so hold.
 
 
 31
 Id. at 365-367.
 
 
 32
 Under former Rule 27.26 and current Rule 24.035 the right to obtain relief is granted only to defendants in the actual custody of the Missouri Department of Corrections. See Lalla v. State, 463 S.W.2d 797 (Mo. 1971) and the recent case of McCampbell v. State, 816 S.W. 2nd 681 (Mo. App. 1991).
 
 
 33
 This Court agrees with the parties that the Magistrate Judge erred in his analysis of the exhaustion issue. It does not appear that he had the benefit of the Thomas or McCampbell decisions. But his conclusion that Mr. Moll had, and has, a present right to proceed with his habeas petition is correct, albeit based on an incorrect rationale. Mr. Moll has met the exceptions to the exhaustion requirement set forth in 28 U.S.C. § 2254(b) because there is an absence of a currently available "corrective process" and circumstances exist "rendering such process ineffective to protect the rights of the prisoner" if we accept petitioner's allegations that he has been, and is, suffering from collateral consequences of his Missouri convictions. We quote those allegations:
 
 
 34
 [T]his petitioner is under restraint to be held in maximum security prison within the State of Illinois for he is deemed a security risk due to the sentence and conviction illegally obtained and imposed in violation of his constitutional rights. (C.R. 78)
 
 
 35
 The Magistrate Judge, see supra, also ruled that Petitioner had defaulted in not fairly presenting his claims to the Missouri state courts. That brought the Magistrate Judge to consider if Mr. Moll had shown cause for his default. If Mr. Moll could demonstrate "adequate cause to excuse his failure to raise the claim[s] in state court properly" then he must go on to show "actual prejudice to his defense resulting from the state court's failure to address the merits of the claims." See Magistrate's Report and Recommendation, page 8 of Addendum. Petitioner relies on his alleged lack of mental competence as just cause for any default. The Magistrate Judge responds as follows:
 
 
 36
 ... it appears he was competent enough to correspond with the public defenders office; he was competent enough to file a state habeas petition; and competent enough to file a petition for writ of habeas corpus with this Court. Furthermore, a fair reading of the transcript of petitioner's guilty plea indicates that petitioner stated to the court at his plea hearing that he was in the Menard Psychiatric Center voluntarily in order to avoid the gang relationships in the general population. (Resp. Exh. A.) This does not support petitioner's contention that he was mentally incompetent and could therefore not file post-conviction relief. For these reasons, petitioner has not stated cause for his procedural default and his claims should be dismissed.
 
 
 37
 Section 516.030 Mo. Rev. Stat. 1986 reflects a policy of tolling statutes of limitations for up to 24 years in cases where the person entitled to commence the action is at the time the cause of action occurred incapacitated. And Adams v. Wainwright, 764 F2d 1356, 1359 (11th Cir. 1985) states, consistent with Missouri's policy:
 
 
 38
 Procedural Default. Binding precedent fully supports the petitioner's contention that the procedural default rule of Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), does not operate to preclude a defendant who failed to request a competency hearing at trial or pursue a claim of incompetency or direct appeal from contesting his competency to stand trial and be sentenced through post-conviction proceedings.... Indeed, as the Supreme Court stated in Pate v. Robinson, 383 U.S. 375, 86 S. Ct. 836,15 L.Ed.2d 815 (1966), "it is contradictory to argue that a defendant may be incompetent, and yet knowingly or intelligently 'waive' his right to have the court determine his capacity to stand trial." Id. at 384, 86 S. Ct. at 841; Zapata v. Estelle, supra, 588 F.2d at 1021; Bruce v. Estelle, supra, 483 F.2d at 1037. Therefore, the district court below erred in holding that the petitioner was procedurally barred from pursuing a claim of mental incompetency in a federal habeas corpus proceeding.
 
 
 39
 Moreover petitioner has alleged that he sought a competency hearing before signing his second IADA request. He also claims he was on medication at the time of his plea, but the fact thereof and the potential effects thereof have never been developed because of the decision not to hold the requested evidentiary hearing. Mr. Moll asserts that he was unable to understand the plea proceedings or to consult effectively with his counsel.
 
 
 40
 In support of his claims that his court appointed attorney was ineffective, petitioner relies on two major arguments:
 
 
 41
 A. Failure to investigate Moll's competency and to request a competency hearing or otherwise challenge Moll's competency to stand trial.
 
 
 42
 B. Failure to raise the State's non-compliance with the Interstate Agreement on Detainers Act and the involuntary nature of Moll's apparent consent to the same.
 
 
 43
 With respect to his first contention Mr. Moll states that when he plead guilty he had been confined at the Menard Psychiatric Center for some 32 months. The plea transcript shows his testimony that he went to Menard voluntarily to avoid gang violence in the Illinois prison system. But in his habeas petition he contends that this is not true. Rather, he asserts, he was in Menard because he was mentally ill. His present counsel states that "there does not appear to be any statutory authority in Illinois under which a prisoner may be transferred to a psychiatric center to avoid gang violence." Petitioner also alleges he had a history of mental illness. An investigation could have revealed the facts relating to petitioner's contentions.
 
 
 44
 Mr. Moll has specifically alleged that his trial counsel knew that he was not mentally competent at the time of his plea but still did not request a competency hearing or a psychiatric evaluation before proceeding. It is clear that he was confined to an institution for the mentally ill at the time he entered his plea. There is a document filed by petitioner in connection with his habeas action that is entitled "Placement Review Board Notice" dated January 10, 1986, that states that Mr. Moll's case had been reviewed by the Administrator and a staff psychiatrist and that it was their opinion that he continued at that time to need placement in the Menard Psychiatric Center. So this record contains more than the bald allegation that petitioner's placement at the Center was not voluntary and at his own request.
 
 
 45
 Everyone acknowledges that it would be a violation of due process to convict a person while that person is legally incompetent. Davis v. Wyrick, 766 F2d 1197, 1201 (8th Cir. 1985). And counsel's failure to request a competency hearing can constitute ineffective assistance. Speedy v. Wyrick, 702 F2d 723, 727 (8th Cir. 1983).
 
 
 46
 In Thomas v. Lockhart, 738 F2d 304, 310 (8th Cir. 1984) this Court affirmed the district court's decision that the representation afforded Thomas was inadequate and consequently that his guilty plea was not a knowing and intelligent act. It concluded that there was a reasonable probability that, but for the failures of his attorney, the result would have been different. Among counsel's inadequacies was his failure "to investigate the seriousness of the mental problems from which Thomas suffered." Id. 308. Thomas had been in the state mental hospital five times within the four year period prior to the offense in that case. There was evidence that Thomas was on medication. But, interestingly, there was a psychiatric evaluation performed about one year after the offense that concluded that Thomas "was probably not suffering from mental illness." This Court's analysis is instructive:
 
 
 47
 "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct and to evaluate the conduct from counsel's perspective at the time." Strickland, 104 S.Ct. at 2065. We believe that just as hindsight cannot be used to condemn counsel's performance, it cannot be used to justify it. Nevertheless, the psychiatrist's conclusions are relevant to the prejudice component of Barker's ineffective assistance of counsel claim. The report at least somewhat reduces the probability that harm resulted from Barker's failure to pursue an investigation regarding the insanity defense. It is noteworthy, however, that the report of the examining psychiatrist sheds no light on Thomas' condition at the time of his plea Moreover, Barker did not alert the court and the prosecuting attorney to Thomas' history of mental problems, a circumstance that might have affected plea negotiations and the sentence.
 
 
 48
 In the instant case, the Magistrate Judge relied heavily on correspondence which petitioner had with various persons after his guilty plea in reaching the conclusion that petitioner was competent when he entered his guilty pleas. But clearly all of the relevant evidence on this issue was not before the Magistrate Judge. We conclude that the record reveals an important factual issue about the adequacy of Mr. Moll's counsel in the state proceeding. That issue can not be resolved on the present record.
 
 
 49
 The Magistrate Judge denied petitioner's request for the appointment of counsel to assist him in this habeas proceeding. Under 18 U.S.C. § 3006A any financially eligible person may be appointed counsel when the court determines the interests of justice so require. It is true, as noted by Respondent, that it is not an abuse of discretion to deny counsel where the petitioner's habeas allegations can be resolved on the state court record. And Respondent argues that "each of the allegations presented by petitioner could be determined on the basis of the record of petitioner's plea of guilty as based on documents supplied by petitioner relating to his Illinois incarceration." Appellee's Brief, P. 13.
 
 The Respondent argues further:
 
 50
 Although petitioner raised numerous allegations in this
 
 
 51
 petition, the majority of those allegations are not cognizable in a federal habeas corpus proceeding or are procedurally barred from review in federal court or are without merit. Petitioner's arguments in the district court were based primarily upon contentions related to his inter-state transfer or his guilty-plea proceedings in state litigation. Petitioner did not have the need for appointment of counsel in the district court.
 
 
 52
 Additionally, the record from the proceeding below indicates that petitioner was able to litigate his federal habeas corpus action. Petitioner's actions in the district court certainly indicate that he was capable of proceeding with this litigation.
 
 
 53
 We disagree. Indeed, in the particular circumstances of this case, we conclude that counsel must be appointed. After his or her appointment, counsel should be given the opportunity, after investigation, to file an amended petition and to gather and present to the Court the relevant documentary and other evidence.
 
 
 54
 We do not deal with Petitioner's contention that his counsel was ineffective in failing to raise Respondent's failure to comply with the IADA since we believe that all issues can be better dealt with upon a complete record. Although we are inclined to agree with the lower court's disposition of many of petitioner's habeas claims we believe it better to withhold judgment upon all issues until a full and complete record has been made in accordance with the directions of this Court.
 
 
 55
 This case is hereby remanded to the district court for the appointment of counsel and the full development of the record.
 
 
 
 *
 The Honorable G. Thomas Eisele, Senior United States District Judge for the Eastern District of Arkansas, sitting by designation