39 F.3d 1184
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Aron C. McCREE, Jr., Appellant,
v.
UNITED STATES of America, Appellee.
 No. 94-2014.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Oct. 26, 1994.
Filed: Oct. 31, 1994.
 
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Aron C. McCree, Jr., was tried and convicted of aiding and abetting a bank robbery, in violation of 18 U.S.C. Secs. 2 and 2113(a), (d). We affirmed his conviction and sentence. United States v. Dawn, 897 F.2d 1444, 1445 (8th Cir.), cert. denied, 498 U.S. 960 (1990). He later filed a motion under 28 U.S.C. Sec. 2255 motion to vacate his sentence. The district court[1] denied the motion. McCree appeals. We affirm.
 
 
 2
 McCree argued in his motion that he should have received minor-participant and acceptance-of-responsibility reductions to his base offense level at sentencing. We agree with the district court that these claims are procedurally barred. McCree did not raise them at sentencing or on direct appeal, and he has not shown cause or prejudice to excuse his double procedural default by merely alleging that counsel should have raised the issues on appeal and that the Guidelines are constantly changing. He also has failed to show that the claimed errors were fundamental defects resulting in a complete miscarriage of justice. See Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993) (per curiam); Ford v. United States, 983 F.2d 897, 898-99 (8th Cir. 1993) (per curiam); Vasquez v. Lockhart, 867 F.2d 1056, 1058 (8th Cir. 1988), cert. denied, 490 U.S. 1100 (1989).
 
 
 3
 We also agree with the court that, in any event, the claims lack merit. The record shows McCree was deeply involved in the robbery and thus was not entitled to a minor-participant reduction. See United States v. West, 942 F.2d 528, 531 (8th Cir. 1991). He failed to show he met any of the criteria used to determine whether a defendant has earned an acceptance-of-responsibility reduction, such as truthfully admitting the offense conduct. See U.S.S.G. Sec. 3E1.1, comment (n.1). His argument that the district court improperly denied him the reduction because he elected to go to trial is unavailing. See U.S.S.G., comment. (n. 2) (section 3E1.1 adjustment is not automatically precluded for defendants who go to trial, but is not intended to apply to those who put government to its burden of proof).[2]
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas, adopting the report and recommendation of the Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of Arkansas
 
 
 [2]
 We do not discuss the other claims contained in McCree's section 2255 motion, because he does not raise them in his appellate brief. See Lockley v. Deere & Co., 933 F.2d 1378, 1386 (8th Cir. 1991) (issue not argued on appeal deemed abandoned)