Dexter Jordan **HUGHES**, Petitioner,

v.

Mark **LUND**, Respondent.

No. C98–2062–MWB.

United States District Court,
N.D. Iowa,
Eastern Division.

July 25, 2001.

**1180**

Christopher A. Clausen, Boliver Law Firm, Marshalltown, IA, for Petitioner.

Robert P. Ewald, Asst. Atty. General, Des Moines, IA, for Respondent.

## MEMORANDUM OPINION AND ORDER REGARDING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

BENNETT, Chief Judge.

In this action, petitioner Dexter Jordan Hughes seeks *habeas corpus* relief pursuant to 28 U.S.C. § 2254 from his conviction in Iowa state court on a charge of first-degree felony murder in the death of his eight-month-old son, Devrick Jennings, in Waterloo, Iowa, on September 25, 1987. The felony underlying Hughes's felony murder conviction was felonious child endangerment. Hughes was convicted on September 9, 1988, after a bench trial in the Iowa District Court for Black Hawk County that concluded on August 29, 1988. The trial judge sentenced Hughes to life imprisonment on October 25, 1988. After appeal and post-conviction relief proceedings in state court, Hughes filed the present federal action for *habeas corpus* relief and a motion to proceed *in forma pauperis* on May 20, 1998. This matter is now before the court pursuant to the Report and Recommendation of Magistrate Judge Paul A. Zoss, filed on March 30, 2001, in which Judge Zoss recommends denial of all of Hughes's claims for relief, entry of judgment in favor of the respondent, and denial of a certificate of appealability. Hughes filed objections to the Report and Recommendation, through counsel, on April 23, 2001.

■ The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose,* 80 F.3d 298, 306 (8th Cir.) (citing 28 U.S.C. § 636(b)(1)), *cert. denied,* 519 U.S. 860, 117 S.Ct. 164, 136 L.Ed.2d 107 (1996); *Grinder v. Gammon,* 73 F.3d 793, 795 (8th Cir.1996) (citing *Belk v. Purkett,* 15 F.3d 803, 815 (8th Cir.1994)); *Hudson v. Gammon,* 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk* ). However, the plain language of the statute governing

review provides only for *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Therefore, portions of the proposed findings or recommendations to which no objections are filed are reviewed only for "plain error." *See Griffini v. Mitchell,* 31 F.3d 690, 692 (8th Cir.1994) (reviewing factual findings for "plain error" where no objections to the magistrate judge's report were filed). Hughes has filed four objections requiring *de novo* review in this case, which the court will consider in turn.

First, Hughes objects to Judge Zoss's refusal to reach the merits of his claim that his rights were violated when the trial court allowed evidence of allegations of prior instances of child abuse to be admitted in his trial. Judge Zoss concluded that this claim had not been exhausted, because it had not been presented in the state court as a federal constitutional issue. Hughes does not dispute Judge Zoss's conclusion that this claim is procedurally defaulted. Instead, he contends that Judge Zoss should nevertheless have reached the merits of this claim, because there is an absence of a corrective process in state court that would allow him to exhaust this claim, where the time for appeal and post-conviction relief proceedings has expired. *See* 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process."). He relies on *Smittie v. Lockhart,* 843 F.2d 295, 296–97 (8th Cir.1988), for the proposition that the absence of a corrective process could provide an exception to the exhaustion requirement. However, the court finds that neither *Smittie*

nor more recent precedent requires the court to reach the merits of this claim.

■ In *Smittie,* the Eighth Circuit Court of Appeals followed "a four-step analysis to determine whether a petition may be considered when its claims have not been presented to a state court." *Smittie,* 843 F.2d at 296. The steps in the process are the following: (1) determination of whether the petitioner "fairly presented" the federal constitutional claim to the state courts; (2) if not, determination of whether the exhaustion requirement has nonetheless been met "because there are no 'currently available, non-futile state remedies' through which the petitioner can present his claim"; (3) if there is no currently available state remedy, determination of "whether the petitioner has demonstrated 'adequate cause to excuse his failure to raise the claim in state court properly'"; and (4) if the petitioner satisfies the "cause" requirement, determination of "whether he has shown 'actual prejudice to his defense resulting from the state court's failure to address the merits of the claim.'" *Id.* The court in *Smittie* found that the first two steps had been satisfied, where the petitioner failed to present the claim in state-court proceedings, and was barred from doing so, because the time limitation for post-conviction relief under Arkansas Rules of Criminal Procedure had run. *Id.* at 297–98. In the circumstances, the court concluded that "Smittie has met the federal exhaustion requirement." *Id.* at 298. Thus far, *Smittie* supports Hughes's contention that he has also met the federal exhaustion requirement, because he likewise cannot assert a timely appeal or post-conviction relief action under applicable state law. *See* IOWA CODE § 822.3 (post-conviction relief action "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued").

However, like the petitioner in *Smittie*, Hughes cannot satisfy "[t]he next and crucial question," which is "whether he has demonstrated adequate cause for failing to raise his claims in state court." *Id.* The petitioner in *Smittie* asserted that his *pro se* status, ninth-grade education, and ineffective assistance of counsel caused his failure to raise his claims in the state courts, but the court rejected each of these contentions. *Id.* In Hughes's case, Hughes has not even attempted to demonstrate how he satisfies the "cause" step of the analysis for failing to assert his claim of improper admission of prior bad acts evidence, instead stopping at the second step in the four-step analysis. More recent decisions confirm that a *habeas* petitioner in Hughes's position must demonstrate "cause and prejudice" for his procedural default and cannot simply bypass state proceedings, biding his time until state relief is unavailable to assert a challenge to his conviction in federal *habeas* proceedings. *See, e.g., Bousley v. United States,* 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *Coleman v. Thompson,* 501 U.S. 722, 749–51, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Ford v. Bowersox,* 256 F.3d 783, 786 (8th Cir.2001); *Hatcher v. Hopkins,* 256 F.3d 761, 764 (8th Cir. 2001). Thus, like the court in *Smittie*, this court concludes that Hughes's claim of improper admission of evidence should be denied, where Hughes has not shown "cause and prejudice" for failing to assert the claim in state proceedings before the opportunity to do so expired. *See Smittie,* 843 F.2d at 298. Hughes's first objection will therefore be overruled.

Second, Hughes objects to Judge Zoss's failure to reach the merits of his contention, again on the ground of procedural default, that the state trial court failed to consider appropriate lesser-included offenses. This time, in addition to a contention that his procedural default of this claim should be excused on the ground that he no longer has a state corrective process available to exhaust the claim, Hughes contends that, pursuant to *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), he should be excused from his procedural default on the ground that a "miscarriage of justice" was had in this case. The "miscarriage" he identifies is that, by failing to consider lesser-included offenses, Hughes received a mandatory sentence of life imprisonment, while arguably, at least, under any other sentence on a lesser-included offense, he would have had the opportunity to be released at some date in the future.

These arguments are unpersuasive. Hughes has again failed to show any "cause and prejudice" excusing his failure to assert this claim in state proceedings before the opportunity to do so expired. In addition, the "miscarriage of justice" identified in *Murray* was "actual innocence," *see Murray,* 477 U.S. at 495–96, 106 S.Ct. 2639, a claim Hughes does not try to make here. *See Wallace v. Lockhart,* 12 F.3d 823, 827 (8th Cir.1994) (the "fundamental-miscarriage-of-justice exception . . . which also is known as the 'actual innocence' exception, applies only where the habeas petitioner demonstrates by clear and convincing evidence that, but for the alleged constitutional error, no reasonable juror would have found the petitioner guilty of the crime of which he was convicted. Wallace does not claim that he is actually innocent of the kidnapping charge, and given the weight of the evidence against him, this indeed would be a difficult argument to make.") (internal citations omitted). Moreover, a state court's refusal to consider lesser-included offenses does not constitute a due process violation or rise to the level of a fundamental defect resulting in a complete miscarriage of jus-

tice where the evidence of guilt on the primary offense is sufficient, as it is here. *See Martin v. Norris,* 82 F.3d 211, 217 (8th Cir.1996). The Eighth Circuit Court of Appeals has consistently held that "the failure to give a lesser included offense instruction in a noncapital case rarely, if ever, presents a constitutional question." *Pitts v. Lockhart,* 911 F.2d 109, 112 (8th Cir.1990), *cert. denied,* 501 U.S. 1253, 111 S.Ct. 2896, 115 L.Ed.2d 1060 (1991). Under current law, in order to grant federal *habeas* relief, the court would have to find that the state court's action in this case was contrary to, or an unreasonable application of, "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). However, the Supreme Court has never held that due process requires the giving of lesser-included offense instructions in noncapital cases, nor has the Supreme Court required consideration of lesser-included offenses by the court in a bench trial in a non-capital case. *See also Tatum v. Dormire,* 183 F.3d 875, 878 (8th Cir.) ("If, in a capital case, 'due process requires that a lesser included offense instruction be given only when the evidence warrants such an instruction,' *Hopper v. Evans,* 456 U.S. 605, 611, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982) (emphasis in original); *see also Reeves v. Hopkins,* 102 F.3d 977, 983 & n. 10 (8th Cir.1996), *rev'd on other grounds,* 524 U.S. 88, 118 S.Ct. 1895, 141 L.Ed.2d 76 (1998); *Williams v. Armontrout,* 912 F.2d 924, 928–30 (8th Cir.1990), *cert. denied,* 498 U.S. 1127, 111 S.Ct. 1092, 112 L.Ed.2d 1197 (1991), then *a fortiori* due process is not offended when a state trial court refuses in a noncapital case to submit an instruction not supported by the evidence."), *cert. denied,* 528 U.S. 1065, 120 S.Ct. 624, 145 L.Ed.2d 517 (1999). Therefore, Hughes's second objection will also be overruled.

▆▆ Hughes's third objection is that Judge Zoss failed to reach the merits of his claim that he had ineffective assistance of appellate counsel. Judge Zoss also found that this claim had been procedurally defaulted, where Hughes had not raised this claim as a federal constitutional issue in state court. However, Hughes argues,

Appellate counsel failed to address several issues with regard to this case. By failing to do so, appellate counsel placed Hughes in a position where many of his allegations of error could not be reviewed in an application for writ of habeas corpus. Hughes argues that this likewise fits under the miscarriage of justice exception found in *Murray,* so the Court should have reached the merits of his claim of ineffective assistance of appellate counsel.

Petitioner's Objections To Report and Recommendation at 3. This objection fares no better than the others. First, ineffective assistance of appellate counsel—assuming it occurred—did not place Hughes in a position where many of his allegations of error could not be reviewed on an application for a writ of *habeas corpus,* because Hughes could still have raised these claims in state post-conviction relief proceedings, exhausting the claims—including the claim of ineffective assistance of appellate counsel—for federal *habeas* review. *See* IOWA CODE CH. 822 (post-conviction relief proceedings); *May v. Iowa,* 251 F.3d 713, 717 (8th Cir.2001) (under Iowa law, ineffective assistance of appellate counsel may excuse a defendant's failure to raise claims on direct appeal, allowing such claims to be considered in state post-conviction relief proceedings); *Ledezma v. State,* 626 N.W.2d 134, 141–42 (Iowa 2001) (same). Hughes did not raise his claims of ineffective assistance of appellate counsel in state post-conviction relief proceedings, and Judge Zoss therefore correctly determined that such claims are defaulted for purposes of federal *habeas* review. Hughes's third objection will also be overruled.

■■■■■inally, Hughes objects to Judge Zoss's recommendation that a certificate of appealability be denied in this case. Hughes again contends that he received ineffective assistance of counsel at trial and on appeal, which should have been reviewed in these proceedings, and that he has raised a significant issue regarding the admissibility of prior instances of child abuse. In order to obtain a certificate of appealability, Hughes must make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c); *see also Garrett v. United States,* 211 F.3d 1075, 1076–77 (8th Cir.), *cert. denied,* 531 U.S. 908, 121 S.Ct. 254, 148 L.Ed.2d 184 (2000); *Mills v. Norris,* 187 F.3d 881, 882 n. 1 (8th Cir.1999); *Carter v. Hopkins,* 151 F.3d 872, 873–74 (8th Cir.), *cert. denied,* 525 U.S. 1007, 119 S.Ct. 524, 142 L.Ed.2d 435 (1998); *Ramsey v. Bowersox,* 149 F.3d 749 (8th Cir.1998), *cert. denied,* 525 U.S. 1166, 119 S.Ct. 1083, 143 L.Ed.2d 85 (1999); *Cox v. Norris,* 133 F.3d 565, 569 (8th Cir.1997), *cert. denied,* 525 U.S. 834, 119 S.Ct. 89, 142 L.Ed.2d 70 (1998). However, where the underlying claims are defaulted, as the claims Hughes asserts have constitutional significance have been, the question for purposes of an application for a certificate of appealability is whether or not the petitioner has made a substantial showing of "cause and prejudice" to overcome the default. *See United States v. Bailey,* 235 F.3d 1069, 1071 (8th Cir.2000) (§ 2255 proceeding in which the district court determined that claims were defaulted, but granted a certificate of appealability on the issue of whether the petitioner had made an adequate showing to overcome the default, and the appellate court reviewed only the issue of "actual innocence" to overcome the default, not the underlying claims), *petition for cert. filed,* (June 18, 2001) (No. 00–10797). Here, Hughes has made no such substantial showing that he could overcome his procedural default. Therefore, the court will also overrule Hughes's objection to Judge Zoss's recommendation that a certificate of appealability be denied.

Finally, the court has reviewed Judge Zoss's findings on and recommended disposition of issues to which no timely objection was made and finds no "plain error" therein. *See Griffini,* 31 F.3d at 692 (reviewing factual findings for "plain error" where no objections to the magistrate judge's report were filed).

THEREFORE,

1. Hughes's April 23, 2001, objections to Judge Zoss's March 30, 2001, Report and Recommendation are **overruled.**

2. Judge Zoss's March 30, 2001, Report and Recommendation is **accepted.** Pursuant to the recommendations in that Report and Recommendation, the petitioner's claims herein are **denied** and **judgment in favor of respondent shall enter accordingly.** A certificate of appealability pursuant to 28 U.S.C. § 2253(c) is also **denied.**

**IT IS SO ORDERED.**